On March 9, 1923, the relator was injured in the course of his employment with an employer who had contributed to the Workmen's Compensation Fund. Relator made application for compensation, which was granted and paid for temporary total disability. On December 28, 1923, he was awarded $68.57 for temporary partial disability or impairment of earning capacity. Relator returned, for correction, the warrant which was sent him by the Industrial Commission, and the warrant was again mailed to the relator with the explanation that a deduction of $6.86 had been made for previous overpayment for temporary total disability. On January 24, *Page 450 
1924, the relator again returned the warrant to the Industrial Commission, instructing it to hold the same until he could confer with his attorney, and the commission thereupon directed its auditing department to hold the warrant until receipt of further information from relator. On May 19, 1936, relator filed his application with the commission, asking that the warrant be re-issued, which the commission dismissed, for the reason that more than ten years had elapsed since the last order granting payment and, under Section 1465-86, General Code, the commission was without jurisdiction. The foregoing facts are pleaded in the petition for mandamus and answer filed in this court.
Section 1465-86 provides: "The powers and jurisdiction of the board over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified. Provided, however, that no such modification or change or any finding or award in respect of any claim whether filed heretofore or hereafter shall be made with respect to disability, compensation, dependency or benefits, after ten years from the last payment theretofore made of compensation or benefits awarded on account of injury or death, or ten years after the injury in cases in which no compensation ever has been awarded."
More than ten years having elapsed since the last payment of compensation to the relator, the commission under the provisions of Section 1465-86, General Code, is without power to make any further finding, award or order with respect to said claim.
If relator's contention were tenable, mandamus being a discretionary writ will not be granted where there has been an unreasonable delay in bringing an action. 25 Ohio Jurisprudence, 1177, Section 239; *Page 451 State, ex rel. Amburns, v. Industrial Commission, 130 Ohio St. 152, 198 N.E. 32.
Writ denied.
WEYGANDT, C.J., JONES, MATTHIAS, DAY, ZIMMERMAN, WILLIAMS and MYERS, JJ., concur.