This is an original action in mandamus to require the Industrial Commission of Ohio to grant the relator a rehearing, under Section 1465-90, General Code, of his application for an adjustment of his claim for compensation against his self-insuring employer. The issues are made upon the petition, answer and reply.
On April 3, 1926, the relator suffered a skull fracture due to an accident arising out of and in the course of his employment. He filed his first notice of injury and application for payment of compensation on April 12, 1926. Pursuant thereto his employer paid him the sum of $82.90, representing compensation on account of his disability for four and three-sevenths weeks, up to May 12, 1926, on which date he returned to work.
"Final Report of Accident and Payment," dated May 22, 1926, and signed by relator, was filed with the commission, showing payment of compensation in the sum of $82.90, and containing the further information that the injured employee was not then able to do the same work as he had before the injury, but that he had been placed temporarily on a light job at the same wages paid before the injury.
From May 12, 1926, until September 27, 1929, the relator engaged in work for which he received the same amount per week as he had received before his injury occurred, and filed nothing more with the Industrial Commission. On the latter date he ceased work, and subsequently was refused further employment.
The matter rested in statu quo until June 28, 1937, when the relator filed with the commission his application for adustment of compensation, upon which the commission found "that it is without jurisdiction to make any further award in this case under the provisions of Section 1465-86." Application for rehearing was later denied and thereafter the present action was brought in this court. *Page 309 
Section 1465-86, General Code, provides in part that the powers and jurisdiction of the Industrial Commission shall cease as to any finding or award in respect to any claim presented for disability compensation after ten years from the last payment theretofore made.
The Industrial Commission takes the position that the last payment of "disability compensation" was made to the relator in May of 1926, in accordance with the information contained in the "Final Report of Accident and Payment," that thereafter the amounts he received from his employer were wages pure and simple, and that if he desired to make any further claim for compensation he was under the necessity of doing so within the ten-year limitation prescribed by statute. On the other hand, the relator maintains that the amounts paid him from May 12, 1926, to September 27, 1929, should be treated as "disability compensation," and consequently his application for adjustment of compensation was filed within the statutory ten-year period.
Before being entitled to a writ of mandamus it is incumbent upon the relator to show a clear legal right thereto. Upon the record before us we are not warranted in holding that refusal by the commission to entertain jurisdiction of the relator's claim was incorrect.
The writ will therefore be denied.
Writ denied.
WEYGANDT, C.J., DAY, ZIMMERMAN, MATTHIAS and HART, JJ., concur.
WILLIAMS, J., not participating. *Page 310