Myers, J.
The issue raised by the demurrer to the petition is whether the Industrial Commission had jurisdiction to consider the application for reconsideration filed by claimant Harold McDonnell on May 4, 1939.' It is conceded in the instant case that more than ten years had elapsed since the disability is alleged to have begun and that no compensation had been awarded by the commission during such period. The limitation clause in Section 1465-86, General Code, reads in part as follows: ‘ ‘ * * * ten years after the injury in cases in which no compensation ever has been awarded. ’ ’ If this limitation in Section 1465-86, General Code, has been incorporated by reference into the occupational disease statute, Section 1465-686, General Code, then the demurrer to the petition must be overruled.
In order to determine the question presented, it becomes necessary to consider the purpose of the workmen’s compensation statutes in their entirety. The General Assembly, in 1921 for the first time, by Section 1465-68&, General Code, provided for compensation for some occupational diseases in the Workmen’s Compensation Law of Ohio (109 Ohio Laws, 183). At the same time it enacted Section 1465-686, General Code, which has remained unchanged ever since (109 Ohio Laws, 185, effective August 5, 1921). Prior thereto the Workmen’s Compensation Act, as amended in 1913 (103 Ohio Laws, 72), contained numerous provisions for the administration of the law, payment of claims and other administrative matters. One section provided for the rate of compensation in cases of temporary disability, another for the rate of compensation in cases of partial disability, and still another for the *151 amount of compensation in cases of permanent or total disability. Section 1465-82, General Code, provided for tbe amount of death benefits and Section 1465-84, General Code, set forth the basis upon which such benefits were to be computed. When the statute for occupational disease claims was first enacted in 1921, there were, therefore, already in existence in this state various sections of the Workmen’s Compensation Law, from Section 1465-44 to Section 1465-108, inclusive, all of which were intended through enactment of Section 1465-686 to be made usable and effective in respect to occupational disease claims, save and except only Section 1465-90, General Code, and other exceptions noted. By the language used in Section 1465-686, the General Assembly clearly intended to invest the Industrial Commission with the same powers and authority in respect to occupational disease claims as it had in respect to claims of injured employees. Nor can we accept the theory that Section 1465-86, in force in 1921, is to be given effect as of that date in respect to occupational disease claims but as later amended to all other claims for injuries. To accept such a construction it would be necessary to apply all other sections from Section 1465-44 to Section 1465-108, General Code, as of 1921, in respect to occupational disease claims but as later amended to injury claims only. Obviously no such confusion was ever intended by the General Assembly.
Section 1465-686, General Code, the incorporating statute, reads as follows:
“Every employee mentioned in the next preceding section and the dependent or dependents of such employee and the employer or employers of such employee shall be entitled to all the rights, benefits and immunities and shall be subject to all the liabilities, penalties and regulations provided for injured employees and their employers by Sections 1465-44 to 1465-108, General Code, inclusive, save and except Section *152 1465-90, General Code, -which, shall not apply to any case involving occupational disease, and also subject to such other modifications or exemptions hereinafter provided.
“The Industrial Commission shall have all of the powers, authority and duties with respect to the collection, administration and disbursement of the state occupational disease fund as are provided for in Sections 1465-44 to 1465-108, General Code, inclusive, providing for the collection, administration and disbursement of the State Insurance Fund for the compensation of injured employees.”
Since the foregoing statute incorporates Sections 1465-44 to 1465-108, inclusive, General Code, save and except Section 1465-90, concededly it declares that each employee shall be entitled to all the rights, benefits and immunities of such statutes and shall also be subject to all the liabilities, penalties and regulations therein provided. It. is contended on behalf of the Industrial Commission, that irrespective of the language used, Section 1465-86, as in effect in 1921 and not as amended in 1931 and thereafter, applies to occupational disease claims and that such claims are not included within the limitations now contained in Section 1465-86 as amended in 1931 and thereafter. Specifically it is contended that the ten-year limitation clause in Section 1465-86 does not apply to an occupational disease claim as in the instant case.
Such contention on behalf of the Industrial Commission renders necessary examination of the two forms or methods of adopting statutes; one general and one specific. Where the form of adoption is general, that is, where the reference is not to any particular statute or part of a statute but to the law generally which governs a particular subject, the reference in such case means the law as it exists from time to time or at the time the exigency arises to which the law is to be applied. 2 Sutherland on Statutory Con *153 struction (2 Ed.), 789, Section 405; Culver v. People, ex rel. Kockersperger, 161 Ill., 89, 43 N. E., 812; Cole v. Wayne Circuit Judge, 106 Mich., 692, 64 N. W., 741; Gaston v. Lamkin, 115 Mo., 20, 21 S. W., 1100; City of St. Louis v. R. J. Gumning Co., 138 Mo., 347, 39 S. W., 788; Newman v. City of North Yakima, 7 Wash., 220, 34 P., 921; Ford v. Durie, Treas., 8 Wash., 87, 34 P., 595. In the instant case the adopting statute, Section 1465-686, refers to practically the entire body of the Workmen’s Compensation Law from Section 1465-44 to Section 1465-108, General Code, excepting only Section 1465-90. There is no specific reference to any one section or part of any one statute. It would seem, therefore, that Section 1465-686, General Code, was intended to apply to the Workmen’s Compensation Law generally from Section 1465-44 to Section 1465-108, General Code, wherever applicable, not only as they existed and in form were effective in 1921 but as later amended and in form effective at the time the situation or facts arise to which the law is to be ap-; plied.
If Section 1465-686 had referred to all of such statutes “as enacted in 1921,” or had employed any specific language showing clear intent whereby such statutes by incorporation were to be effective in form as of that date only, the contention of the Industrial Commission would be well taken.
“Where one statute adopts the particular provisions of another by a specific and descriptive reference to the statute or provisions adopted, * * * such adoption takes the statute as it exists at the time of adoption and does not include subsequent additions or modifications of the statute so taken unless it does so by express intent.” Sutherland on Statutory Construction, supra, 787, and 788, Section 405.
Again referring to the language of Section 1465-686, we are reminded that the phraseology does not specifically refer to any one statute or part thereof but is *154 general and intended to cover the entire procedure not only with reference to claims for injuries but to claims involving occupational diseases, save and except Section 1465-90 and other exceptions noted.
“Reference in a statute to the general law regulating a- subject, without allusion to any particular act, includes not only the law in force when the adopting act is passed, but also that in force when action is taken or proceedings are resorted to.” Culver v. People, ex rel. Kockersperger, supra.
“Subsequent amendments to statutes adopted generally by another statute, become a part of such adopting statute.” State, ex rel. Miller, v. Leich, Treas., 166 Ind., 680, 78 N. E., 189.
Section 1465-86, General Code, provides in part that the powers and jurisdiction of the Industrial Commission shall cease as to any finding or award in respect to any claim presented for disability compensation after ten years from the last payment theretofore made. State, ex rel. Fields, v. Industrial Commission, 132 Ohio St., 449, 8 N. E. (2d), 563; State, ex rel. Milton, v. Industrial Commission, 135 Ohio St., 307, 20 N. E. (2d), 926. The same limitation applies in cases in which no compensation ever has been awarded.
Counsel on behalf of respondent rely upon that part of Section 1465-86, General Code, stating that “The powers and jurisdiction of the board over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified.” It must be noted, however, that the foregoing language is modified by the specific provisions immediately following, one of which is the limitation with respect to the ten-year period. The limitation provision begins with the words “provided, however,” terms universally interpreted to indicate a modification of what immediately precedes when used as in the statute here. Section 1465-86 is jurisdic *155 tional throughout. The terms “provided, however,” are specific and evidential that what had been previously and originally contained in that section was to be modified thereafter.
It is also contended on behalf of the respondent that the ten-year limitation should not apply in the instant case for the reason that it is difficult or impossible to determine the exact date of the inception of the occupational disease here in question — that is, lead poisoning. In answer to such contention it may be said that Harold McDonnell, the claimant, filed his original application'with the Industrial Commission for disability benefits on July 20, 1928, and therein stated that his disability began on or about April 1, 1928. That declaration having been made, the ten-year limitation period had expired previous to May 4, 1939, the date of filing the application for reconsideration under which the Industrial Commission reviewed all evidence previously submitted and entered an order awarding compensation payments to claimant. 1
It is.also urged that new evidence had been submitted, and reference is made to an excerpt from a letter written by Dr. Thomas J. Heldt under date of February 5, 1929, and another letter written by Dr. Heldt to claimant dated February 8, 1939. If an award had been made within the ten-year period, we would be called upon to consider the nature and importance of the letters referred to. Since no award was made within the limitation period we feel obliged to follow the decision of this court in State, ex rel. Griffey, v. Industrial Commission, 125 Ohio St., 27, 180 N. E., 376, wherein it was held that “The continuing jurisdiction of the Industrial Commission, under authority of Section 1465-86, General Code, applies only to new and changed conditions occurring after an original award. ’ ’ Otherwise, proceedings before the Industrial Commission would become interminable.
Since the Industrial Commission was without juris *156 diction to consider the application for reconsideration filed under date of May 4,1939, and since the employer has no right of appeal from the order of July 27,1939, relator does not have an adequate remedy at law. Wherefore the demurrer to the petition must be overruled. The respondent not desiring to plead further, a writ of prohibition will issue.

Writ allowed.

Weygandt, C. J., Day, Zimmerman and Matthias, JJ., concur.-
Williams, J., not participating.