WRIGHT, APPELLANT, *v.* CITY OF LORAIN, APPELLEE.

(No. 1029—Decided June 1, 1942.)

*Mr. Wesley L. Grills,* for appellant.
*Mr. John D. Pincura, Jr.,* city solicitor, for appellee.

DOYLE, P, J.   There is presented in this appeal on ·questions of law from the Court of Common Pleas of Lorain county the legality of the court's judgment in sustaining a demurrer to the plaintiff's petition, in which petition a money judgment was sought against the defendant, city of Lorain, by reason of a deduction of a part of the plaintiff's salary as a police officer ·of the city during several years of municipal financial stringency.   The court's ruling was predicated upon ·Section 11222, General Code (a. statute of limitations).

It is argued by the appellant that the statute has no application because the.officer's salary is an "in-·cident to the office"; that taxes had been levied and ·assessed for the specific purpose of paying him and

his colleagues; that the taxes collected are retained in a particular fund for the specific purpose of payment of salaries; and that, as delinquent taxes were paid, a salary payment was made in full to one of plaintiff's fellow officers, which was such an act "as to cause the employees to believe that the city would apply the delinquent tax monies when they became available as it had in the past—to wit, to pay the employees the salaries and wages for which the taxes were levied, assessed and collected." The appellant further argues that if it can be said that the employment arises out of contract, then the limitation is 15 years, because it is predicated upon an ordinance of the city, which is in writing.

The pleaded facts show the action was commenced more than 6 years and less than 15 years after the claim accrued. Section 11222, General Code, provides:

"An action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

Section 11221, General Code, is:

"An action upon a specialty or an agreement, contract or promise in writing shall be brought within 15 years after the cause thereof accrued."

If there has been some doubt in the past whether a statute of limitations can run in favor of or against a municipal corporation in the same manner and to the same extent as individuals, the question now seems to be definitely determined in the affirmative, at least in cases of the type of the one under consideration.

See *City of Youngstown* v. *Youngstown Municipal Ry. Co.*, 134 Ohio St., 308, 16 N. E. (2d), 541; *State, ex rel. Board of Education,* v. *Gibson, Aud.,* 130 Ohio St., 318, 199 N. E., 185; *Smith, a Taxpayer,* v. *Reed,* 67 Ohio App., 511, 37 N. E. (2d), 403.

The statute of limitations can be invoked by a municipal corporation in a suit brought against it by a police officer for unpaid wages or salary, unless estopped to assert such defense.

Does Section 11222, General Code, *supra,* in so far as it relates to "a liability created by statute," apply to the facts in this case?

In 1938, the Supreme Court of Ohio determined *City of Youngstown* v. *Youngstown Municipal Ry. Co., supra.* In that case the city had, under authority of the statutes, made certain grade crossing improvements, and, by ordinance, had required the Youngstown Municipal Railway Company to bear a reasonable proportion of the cost, because its tracks crossed the improvement. The right to require the street railway company to bear a share of the expense was authorized by Section 8892, General Code. The railway company failed to pay. A very much belated suit was instituted. The application of Section 11222, General Code (statute of limitations), was considered by the Supreme Court.

It was, claimed by the city that the statute did not apply. The city's brief argued: "We submit that this is not a contract in writing and is not a liability created by statute and that said section (Section 11222, General Code) was not applicable even to the city's original claim in this matter. This liability was merely *authorized* by statute and was *created* by action of council."

The railway company argued by brief: "The second amended petition of the city shows that the claim of the city, if any, arises by reason of the erection of the * * * improvement and that such improvement was a part of a general plan for the elimination of grade crossings in the city of Youngstown. Before such a claim could arise the city would have to have the right

to eliminate such crossings. That right is derived solely and only by virtue of Section 8892, General Code. It is therefore a right which is created by statute and must be asserted before the statute of limitations has run."

The Supreme Court in deciding this controversy determined that the six-year period had "long since been permitted to elapse" and an action could not be maintained because it was an action based upon a liability created by statute.

Passing now to the facts of the appeal under consideration. Does the obligation of the city of Lorain to pay the police officer's salary arise "upon a liability created by statute," or "upon a contract not in writing, express or implied"?

A police officer of a municipal corporation is a public officer and his salary is an incident of the office itself.

See *State, ex rel. Spaller,* v. *City of Painesville,* 13 C. C. (N. S.), 577, 22 C. D., 123; affirmed, *State, ex rel. Spaller,* v. *Moodey, Aud.,* 85 Ohio St., 483, 98 N. E., 1134.

Such official status is given him on the ground that his principal duty is the preservation of the public peace, which is always a matter of public concern.

See subdivision II of annotation, 84 A. L. R., 310.

It has been stated that "such salary as may be attached to any office is not given to the incumbent because of any duty on the part of the public to confer emoluments on him, but to enable him the better to perform the duties of the office, for without adequate compensation it cannot be expected that he will be able to give due attention to his official duties." 22 Ruling Case Law, Public Officers, Section 216.

Courts uniformly hold that the right of an officer to compensation for the performance of duties imposed on him by law do not rest on contract either express

or implied, because in all cases the right to compensation is such only as may be given by law. *Ibid.*

They are appointed under authority given by the state, and therefore they cannot be regarded as agents or servants, or as bearing a contractual relation to the municipality.

See note and cases cited, 36 L. R. A. (N. S.), 881.

The incumbent of an office has not, under our system of government, any property in it. His right to exercise it is not based upon any contract or grant. It is conferred upon him as a public trust. The nature of the relation of a public officer to the public is inconsistent with either a property or contract right. *State, ex rel. Attorney General,* v. *Hawkins,* 44 Ohio St., 98, at p. 109, 5 N. E., 228; *Mason* v. *State, ex rel. McCoy,* 58 Ohio St., 30, at p. 55, 50 N. E., 6, 41 L. R. A., 291; *State, ex rel. Holbrock,* v. *Egry,* 79 Ohio St., 400, at p. 413, 87 N. E., 269; *Taylor and Marshall* v. *Beckham,* 178 U. S., 548, at p. 577, 44 L. Ed., 1187, 20 S. Ct., 890.

The statutes of Ohio provide for the organization and maintenance of a police department in the various municipalities of the state. Section 3617, General Code.

Provision is likewise made for its personnel in Section 4374, General Code:

"The police department of each city shall be composed of a chief of police and such other officers, patrolmen and employes as council shall, from time to time, provide by ordinance."

In *City of Cleveland* v. *Payne,* 72 Ohio St., 347, 74 N. E., 177, it was held that:

"The police department of a municipal corporation derives its authority from the state * * *."

And such authority is not changed even under the constitutional amendments of 1912, which gave to mu-

nicipalities the right to adopt a charter and to operate under a home-rule form of government.

State, ex rel. Strain, Dir., v. Houston, Chief of Fire Dept., 138 Ohio St., 203, at p. 215, 34 N. E. (2d), 219.

It would seem that, from the foregoing recitation of principles, cases and statutes, the conclusion can be properly reached that the right of a police officer to his salary grows out of statute, plus the ordinances enacted pursuant to such statutory authority, and that an analogy exists between the instant case and City of Youngstown v. Youngstown Municipal Ry. Co., supra, in so far as the application of the statute of limitations is concerned.

It is therefore concluded that Section 11222, General Code, may be invoked because the action is upon a liability created by statute, and the argument advanced that it cannot be invoked because the salary is an incident of the office, and the collected taxes are retained in a particular fund for the specific purpose of salary disbursements, etc., is not tenable.

It has been declared that there is a distinction between compensation for past services rendered and services to be rendered in the future; that, when services have been rendered under a law or ordinance fixing the rate of compensation, there arises an implied contract to pay. 22 Ruling Case Law, Public Officers, Section 216.

If this status is given the present litigation, it nevertheless comes within the six-year statute of limitations as a liability arising out of an implied contract not in writing.

It is claimed that the city is estopped from asserting the statute because it misled the plaintiff into believing that he would eventually be paid. Such assertion is predicated upon the fact that other employees were paid as delinquent taxes were received.

The doctrine of estoppel may in a proper case be applied to prevent a fraudulent or inequitable resort to a statute of limitations, and a debtor may, by his representations, promises or conduct, be estopped to assert the statute.

However, the allegation of the amended petition that "plaintiff further says that the city of Lorain, Ohio, has paid the wages or salaries in full to one of its employees who was employed during the year 1934, and that such payment was made in July of 1935," is not sufficient to warrant an estoppel. Without further statement, reference is made to the many cases discussed in the annotations in 130 A. L. R., 8, and 34 American Jurisprudence, Limitation of Actions, Section 413 *et seq.*

Other claims of the appellant have been examined and considered, and it is the judgment of this court that the demurrer was properly sustained.

The judgment is therefore affirmed.

*Judgment affirmed.*

STEVENS and WASHBURN, JJ., concur.