**State, ex rel. Noble,**
**v.**
**Ellas**
*[Cite as 5 AOA 75]*

*Case No. CA-3507*
*Licking County, (5th)*
*Decided July 9, 1990*

*Leonard W. Yelsky, Mitchell J. Yelsky, Yelsky & Lonardo Co., L.P.A., 1050 Leader Building, Cleveland, Ohio, 44114, for Petitioner-Appellee.*

*Deborah L. Kenney, Ass't. Prosecuting Attorney, Courthouse, Public Square, Newark, Ohio 43055, for Defendant-Appellant.*

MILLIGAN, J.

Appellee, a former McKean Township Trustee, filed a petition for a Writ of Mandamus in the Licking County Court of Common Pleas requesting appellant, the Township Clerk, to pay him compensation due for days worked as Trustee. The trial court granted the petition and ordered the Clerk to pay $8,339, plus interest at the rate of 10%, from the date of the judgment. The Township Clerk appeals assigning five errors:

"ASSIGNMENT OF ERROR NO. I
THE TRIAL COURT ERRED IN HOLDING
THAT THE DECEMBER 27, 1984 RESOLU-
TION OF MCKEAN TOWNSHIP WAS VOID
AND IN VIOLATION OF
R.C. 505.24.

"ASSIGNMENT OF ERROR NO. II
THE TRIAL COURT ERRED IN NOT
HOLDING THAT THE PETITIONER
HAD WAIVED HIS RIGHT TO COLLECT
ANY BACK WAGES.

"ASSIGNMENT OF ERROR NO. III
THE TRIAL COURT ERRED IN NOT
HOLDING THAT THE PETITIONER'S
ACTION WAS BARRED BY ACCORD AND
SATISFACTION, LACHES
OR ACQUIESCENCE.

"ASSIGNMENT OF ERROR NO. IV
THE TRIAL COURT ERRED IN NOT
HOLDING THAT THE PETITIONER'S

ACTION WAS BARRED BY THE STATUTE
OF LIMITATIONS.

"ASSIGNMENT OF ERROR NO. V
THE TRIAL COURT ERRED IN HOLDING
THAT A WRIT OF MANDAMUS WAS
PROPER IN THE INSTANT CASE."

Appellee served as the Township Trustee of McKean Township from January, 1984, through December, 1987. Township Trustees were compensated on a per diem basis during this time. Appellee kept records of the time he spent working as a Trustee, and turned in monthly time sheets.

In December, 1984, two of the three trustees, excluding appellee, passed the following resolution:

"No township trustee shall draw more than $96 per month per diem, excluding work days involving two trustees working two or more hours a day."

Appellee refused to sign this resolution.

From January, 1985, through December, 1987, appellee was paid no more than $96 per month (with thee exception of four months in which he received $120). However, appellee continued to submit monthly time sheets for compensation in excess of $96 per month. Appellee demanded payment of $8,339 for compensation for days worked in excess of $96 per month. Appellant refused to pay.

I

Appellant argues that thee court erred in finding that the township resolution limiting the per diem amount a trustee could receive each month violated R.C. 505.24.

R.C. 505.24 provides in pertinent part:

"Each township trustee is entitled to compensation as follows:
"***

"(B) An amount for each day of service in the business of the township, to be paid from the township treasury as follows:
"***

"(3) In townships having a budget of more than one hundred thousand but not more than two hundred fifty thousand dollars, twenty-four dollars per day for not more than two hundred days;"

The code section further provides that the trustees by unanimous vote may compensate trustees by an annual salary, payable in monthly installments, equalling the maximum amount that could be received if paid on a per diem basis.

It is well established in Ohio law that trustees possess only the powers expressly conferred on them by statute and, when the statute is silent on a subject, the authority necessary by implication to execute the duties imposed on them by law. *Hopple v. Brown Two.* (1862), 13 Ohio St. 311, 324.

In this case, the legislature has acted by statute. Revised Code 505.24 expressly provides that trustees are *entitled* to per diem compensation as provided by the statute, subject to a maximum number of days per year worked. The township is given no authority to alter the per diem rate of pay or maximum number of days for which pay may be received.

Appellant argues that the law does not require a trustee to receive the maximum per diem pay. She further argues that if the trustee was entitled to receive the maximum per diem pay, there would have been no reason for the legislature to distinguish between salary and per diem pay. This argument is without merit.

Revised Code 505.24 states that an annual salary paid to a trustee shall equal the maximum amount that a trustee could receive annually-if paid on a per diem basis. The statute also provides that an accounting for the number of days worked must be given to the township clerk if a trustee is compensated on a per diem basis, but not if compensated by annual salary. Appellant's interpretation of these provisions is that a trustee compensated on an annual salary must be paid at the monetary amount specified in the statute, for the actual number of days worked. If this was the correct interpretation, trustees paid by annual salary would not be exempt from accounting to the clerk for number of days worked.

The logical interpretation of the annual salary provisions is that a trustee compensated by annual salary is to receive pay at the specified rate per day, for the maximum number of days which could be compensated under R.C. 505.24(B)(1)-(5). For example, under R.C. 505.24(B)(3), a trustee should receive an annual salary of $24 per day for 200 days, or $4,800.

Appellant further argues that there were insufficient funds available to pay appellee. The trial court found that McKean Township had an annual budget of more than one hundred thousand dollars and less than two hundred fifty thousand dollars during each year that appellee served as trustee. Appellant does not contest this finding. Under R.C. 505.24(B)(3), appellee was therefore entitled to $24 per day. The per diem

pay rate is not based on the amount appropriated to salaries.

Appellant also argues that the resolution merely limits the maximum number of days which a trustee may work each month, and the statute does not forbid a township from enacting such a limitation.

The power to fix the compensation of all public officers is granted to the General Assembly. Section 20, Article II, Ohio Constitution. This includes township officials. *State, ex rel. Godrey v. O'Brien* (1917), 95 Ohio St. 166, 115 N.E. 25. The General Assembly cannot delegate this authority, as it must set compensation or enact a rule by which compensation may be determined. *Id.* at syllabus 4, 5. The power to set a maximum number of days which a trustee may work and be compensated would be equivalent to the power to set compensation for trustees. As such power is given only to the General Assembly, the trustees may not act by resolution to limit the number of days which trustees may work and receive compensation. Trustees must be compensated at the rate specified in R.C. 505.24(B) for the actual number of days worked, up to a maximum of 200 days per year.

As the resolution adopted by the Board of Trustees is void under Section 20, Article II, Ohio Constitution, and R.C. 505.24, the first assignment of error is overruled.

## II

Appellant contends that by accepting, cashing, and spending the checks paying him $96 per month, appellee waived the right to claim compensation at the rate specified in R.C. 505.24. Waiver is defined as the "voluntary relinquishment of a known right." *State ex rel. Hess v. Akron* (1937), 132 Ohio St. 305, 307, 7 N.E. 2d 411. The party asserting waiver must prove a "clear, unequivocal, decisive act of the party against whom the waiver is asserted, showing such a purpose or acts amounting to an estoppel on his part." *White Co. v. Canton Trans. Co.* (1936), 131 Ohio St. 190, at syllabus 4, 2 N.E. 2d 501.

Appellant cites *Hess* for the proposition that acceptance of a paycheck for less than the amount due waives the right to later claim a higher amount. However, in *Hess,* the employee receipted a payroll sheet which recited that he had received the "amount due" or that he had been "paid in full to date." Id. at 307. To the contrary, in *Allenbaugh v. Canton* (1940), 137 Ohio St. 128, 134, 28 N.E. 2d 354, the Ohio Supreme Court found no waiver of the claim for

compensation during a layoff where the employee signed his name next to the words "off without pay" and accepted checks for less than the amount due. Appellant states that appellee presumably signed the vouchers to pay himself the $96 per month; this is even less evidence of a waiver than that present in *Allenbauqh.*

Appellee voted against the annual appropriations resolutions in 1985, 1986, and 1987. He voted against the resolution limiting pay to $96 per month. Most importantly, he continued to submit monthly time sheets claiming more than the amount available under the resolution.

The trial court did not err in failing to find waiver. The second assignment of error is overruled.[1]

## III

Appellant argues that appellee's action was barred by accord and satisfaction.

Accord and satisfaction is the result of an agreement between the parties that must be consummated by a meeting of the minds. *Warner Elevator Mfg. Co. v. Higbee* (1935), 53 Ohio App. 546, 548, 5 N.E. 2d 947. The mere cashing of a check, without more, does not bring the transaction within the doctrine of accord and satisfaction. *Id.*

"Where there is a *bona fide* dispute over an unliquidated demand and the debtor tenders an amount less than the amount in dispute, upon the express condition that it shall be in full of the disputed claim, the creditor has but one alternative; he must accept the amount tendered upon the terms of the condition, unless the condition be waived, or he must reject it entirely, or if he has received the amount by check in a letter, he must return it." *Seeds Grain & Hay Co. v. Conger* (1910), 83 Ohio St. 169, at syllabus 1.

Appellant has pointed to no conduct by appellee other than cashing the checks to show that the payment was intended to satisfy the amount of the claim for days worked. She has pointed to no agreement between the parties that appellee would accept the checks in satisfaction of the entire claim. Appellant has pointed to no conduct on her part tending to show that the checks were tendered on the condition that they be accepted in full satisfaction of the disputed amount of compensation. The trial court did not err in not finding appellee's claim barred by accord and satisfaction.

Appellant next argues that the action was barred by laches.

Delay in asserting a right does not necessarily constitute laches. *Smith v. Smith* (1959), 168

Ohio St. 447, at syllabus 3, 156 N.E. 2d 113. The person for whose benefit the doctrine of laches will operate must show that he has been materially prejudiced by such delay. *Id.* This statement of the doctrine of laches applies to an action in mandamus. *State. ex rel. Case v. Indus. Comm.* (1986), 28 Ohio St.3d 383, 385, 504 N.E.2d 30. The question as to whether laches bars a claim rests within the sound discretion of the court. *State, ex rel. Moore v. Sanders* (1981), 65 Ohio St. 2d 72, 75, 418 N.E. 2d 1339.

By continuing to submit time sheets for compensation exceeding $96 per month, appellee asserted his statutory right to compensation during his tenure as trustee. Appellee served as a trustee until December 31, 1987; he filed the present mandamus action on April 7, 1989. This is not an unreasonable delay in bringing suit such as would constitute laches. See, *e.a., State. ex rel. Fields v. Indus. Comm.* (1937), 132 Ohio St. 449, 450, 8 N.E. 2d 563 (suit for reinstatement of disability payments barred where twelve years had elapsed since last payment); *State. ex rel. Amburns v. Indus. Comm.* (1935), 130 Ohio St. 152, 155, 198 N.E. 32 (Worker's Compensation suit barred by a delay of 12 1/2 years in bringing suit); *State. ex rel. Stubbs v. Wallace* (1942), 140 Ohio St. 166, 171, 42 N.E. 2d 754 (action to compel Registrar of Motor Vehicles to collect a tax not barred by laches due to delay of thirteen years).

The third assignment of error is overruled.

### IV

Appellant claims that the appropriate statute of limitations is two years as provided by R.C. 2305.11. Appellant specifically argues that appellee's action is one for the payment of unpaid minimum wages within the meaning of R.C. 2305.11(A). This argument is without merit.

Appellee was not an employee of the township; he was an elected official. See, *Koch v. State* (1877), 32 Ohio St. 353; *Crane Twp. v. Secoy* (1921), 103 Ohio St. 258, 132 N.E. 851. The fact that R.C. 505.24 fixes the amount of compensation which must be paid a township trustee does not make the statute a minimum wage law. A township trustee, as a public officer, is not entitled to compensation absent a statutory provision authorizing compensation. *Wriqht v. Lorain* (1942), 70 Ohio App. 337, 46 N.E.2d 325. An action brought under R.C. 505.24 is not an action for payment of a minimum wage; rather, it is an action on a liability, created by the statute, running from the township to its trustees. The present action is governed by R.C. 2305.07,

providing a six-year limitation period for actions brought upon a liability created by statute. See, *Wright v. City of Lorain* (1942), 70 Ohio App. 337, 46 N.E. 2d 325 (where an action by a police officer to recover salary deductions was found to be governed by the six-year statute of limitations as his salary right derived from statute); *Welch v. City of Lima* (1950), 89 Ohio App. 457 (a fireman's salary right is derived from statute, and is governed by a six-year statute of limitations period).

The fourth assignment of error is overruled.

### V

Appellant argues that mandamus was not a proper remedy in this case. This argument is without merit.

"It is well-settled that a claim by a public employee of entitlement to wages or benefits which are granted by statute or ordinance is actionable in mandamus." *State. ex rel. Villari v. Bedford Hts.* (1984), 11 Ohio St.3d 222, 223, 465 N.E.2d 64. Similarly, mandamus is the proper remedy for a trustee seeking compensation under R.C. 505.24. *State, ex rel. Robinson v. Bd. of Trustees* (1953), 50 O.O. 106, 107, 116 N.E.2d 607. The right to relief must be clear, and the amount established with certainty. *Villari,* Il Ohio St. 3d, at 223.

Appellee has a clear legal right to the claimed compensation under R.C. 505.24, as discussed earlier. Appellant therefore had a clear legal duty to pay the amount claimed. The amount to which appellee is entitled is established with certainty by applying the statute, as the resolution limiting compensation is void. Mandamus is therefore the appropriate remedy.

Appellant argues that mandamus is not appropriate, as the amount claimed by appellee would exceed the appropriation made by the trustees. This argument is without merit. The statute bases the amount of compensation on the township's budget, not on the amount appropriated for salaries. The township may not circumvent the statutory entitlement merely by appropriating an insufficient amount to cover such entitlements.

The fifth assignment of error is therefore overruled.

The judgment of the Licking County Court of Common Pleas is affirmed.

PUTMAN, P.J., and GWIN, J. concur.

¹ In her third assignment, appellant argues that appellee's claim was barred by the doctrine of acquiescence. She sites no legal authority for such a doctrine. We perceive this argument to be nothing more than a reassertion of her argument of waiver. It is therefore overruled.