**HIRAM COLLEGE, Appellant,**

v.

**COURTAD, Appellee.**

[Cite as *Hiram College v. Courtad,* 162 Ohio App.3d 642, 2005-Ohio-4331.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 2004–P–0092.

Decided Aug. 19, 2005.

Gilbert E. Blomgren and Keith D. Weiner, for appellant.

David M. Leneghan, for appellee.

WILLIAM M. O'NEILL, Judge.

{¶ 1} This is an accelerated-calendar case that was submitted to this court on the record and the briefs of the parties. Appellant, Hiram College, appeals the judgment entered by the Portage County Municipal Court, Ravenna Division. The trial court entered judgment in favor of appellee, Nicholas A. Courtad.

{¶ 2} Courtad attended Hiram College for several semesters from 1999 through 2002. During the fall semester of 2002, Courtad attended classes for only two or three weeks. He testified that there was a problem with his financial-aid package and, as a result, he did not have enough money to pay for tuition. He was told that he was not permitted to continue attending classes until the bill was paid. A few weeks after he stopped attending classes, his financial-aid problems were still unresolved. Therefore, he withdrew from all his classes prior to the withdrawal deadline.

{¶ 3} Through a complaint, Hiram College initiated this action on account against Courtad. The complaint alleged that Courtad owed Hiram College over $6,000, plus interest, for tuition and other expenses. A bench trial was held. Carol Denzinger testified for Hiram College. She is the collection officer for the college. Hiram College introduced three exhibits: a copy of the account showing a balance owed by Courtad (Exhibit A), a "summary borrower report" (Exhibit B), and a copy of Courtad's transcript (Exhibit C). The court admitted Exhibit A. However, the court excluded Exhibits B and C because it found that Hiram College had failed to lay a proper foundation for those exhibits.

{¶ 4} Courtad testified on his own behalf. He testified that he had attended classes for two or three weeks and then withdrew from his classes a few weeks after he stopped attending. He testified that he had not participated in the "activities" or used the "technologies" that he had been billed for in Exhibit A. The trial court entered judgment in favor of Courtad, finding that Hiram College had failed to prove its case by a preponderance of the evidence.

{¶ 5} Hiram College raises two assignments of error. Its first assignment of error is as follows:

{¶ 6} "The trial court committed reversible error when it held that appellant had failed to prove an account despite evidence establishing that appellant provided services to appellee and the introduction of evidence of an account statement showing appellee's name, a beginning balance and a running total with dates."

{¶ 7} In an action on account, the account must show four things: (1) the defendant's name, (2) a beginning balance, (3) an itemized list of credits and debits, and (4) a means of determining an amount alleged to be owed.[1] Hiram College contends that it met all these elements and therefore the trial court should have entered judgment in its favor. We agree that Hiram College provided evidence going to the above elements of an action on account. However,

---

1. *Raymond Builders Supply, Inc. v. Slapnicker*, 11th Dist. No. 2003–A–0040, 2004-Ohio-1437, 2004 WL 574425, at ¶ 8.

for the reasons that follow, Hiram College did not meet its ultimate burden of proving its case.

{¶ 8} "The law in Ohio is clear that in the absence of a contractual relationship between two parties, an action on an account cannot be maintained by one against the other."[2] An action on an account does not alleviate the plaintiff's burden of showing that the defendant was bound to pay the amounts listed on the account. In addition, we note that " '[a]n account is merely a pleading device used to consolidate several different claims one party has against another.' "[3]

{¶ 9} Hiram College needed to demonstrate the existence of a contractual relationship between the parties. "The elements of a contract include the following: an offer, an acceptance, contractual capacity, consideration (the bargained-for legal benefit or detriment), a manifestation of mutual assent, and legality of object and of consideration."[4]

{¶ 10} Hiram College failed to prove any of the essential elements of the purported contract between itself and Courtad. There was testimony that Courtad was a student at Hiram College in the past and that he attended classes for a few weeks during the fall 2002 semester. While it could be inferred that Courtad had an obligation to pay for his education, there was no direct evidence establishing a binding agreement between Courtad and Hiram College. Moreover, there was no written contract or other evidence presented as to what the terms of the purported contract were. Specifically, to be successful on its claim, Hiram College needed to demonstrate (1) that Courtad had agreed to pay for the semester (2) that the agreement included a date when payment was due, and, if applicable, (3) that the agreement included a date by which Courtad could have canceled the contract without penalty.

{¶ 11} The following holding from the Supreme Court of Ohio is helpful:

{¶ 12} "Under a school reservation agreement, when a parent is given the option to cancel the agreement before a certain date without incurring liability for

2. *Laurelwood Hosp. v. Lorenzo* (Dec. 17, 1993), 11th Dist. No. 93–L–063, 1993 WL 548530, citing *Am. Sec. Serv. v. Baumann* (1972), 32 Ohio App.2d 237, 245, 61 O.O.2d 256, 289 N.E.2d 373.

3. *Starr Fireworks, Inc. v. Midwest Fireworks Mfg. Co., Inc.* (Apr. 4, 1997), 11th Dist. No. 96–P–0198, 1997 WL 184767, quoting *AMF, Inc. v. Mravec* (1981), 2 Ohio App.3d 29, 31, 2 OBR 32, 440 N.E.2d 600.

4. *Lake Land Emp. Group of Akron, LLC v. Columber*, 101 Ohio St.3d 242, 2004-Ohio-786, 804 N.E.2d 27, at ¶ 14, citing *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16.

the full tuition and does not do so, the parent may become liable for the full tuition if the contract so provides. The parent's notification of cancellation, if given after the option date, is ineffective to discharge this liability. Subsequent failure to make scheduled tuition payments constitutes a breach of contract." [5]

{¶ 13} While *Lake Ridge Academy* concerned a parent's reservation of a seat for his child in a private elementary school, its holding is helpful to our analysis of this matter. In the case sub judice, presumably, there was a date by which students were required to pay their tuition. Likewise, there was probably a "cut-off" date for withdrawing, after which the student was bound to pay for the semester whether or not he completed his courses. However, due to the lack of evidence presented at trial, the trial court was unable to determine what these dates were. Again, there was no written contract introduced. Accordingly, Hiram College failed to meet its burden of showing that Courtad was responsible for paying the claimed amounts.

{¶ 14} Hiram College's first assignment of error is without merit.

{¶ 15} Hiram College's second assignment of error states:

{¶ 16} "The trial court committed reversible error when it held that plaintiff did not provide adequate proof of a right to recover in equity as plaintiff proved all of the elements allowing for a right to recover upon the equitable theory of unjust enrichment."

{¶ 17} A successful claim for unjust enrichment requires the following elements: (1) a benefit upon the defendant, (2) the defendant's knowledge of the benefit, and (3) that it would be unjust for the defendant to retain the benefit without payment. [6]

{¶ 18} Courtad attended classes for two to three weeks. He did not receive any credit for the classes he attended. He testified that he had not participated in any of the activities or used any of the technologies that he had been billed for. While it could be argued that Courtad received some value from attending classes for a few weeks, this does not rise to the level of a legal benefit. The ultimate benefit of attending college is receiving an education and a degree. A degree is earned by receiving a certain number of credit hours, indicating the successful completion of the required coursework. In this matter, Courtad did not receive any credit hours for the minimal time he was in class during the 2002

---

5. *Lake Ridge Academy v. Carney* (1993), 66 Ohio St.3d 376, 613 N.E.2d 183, syllabus.

6. *Brewster v. Fox,* 11th Dist. No. 2003–L–010, 2004-Ohio-1145, 2004 WL 450247, at ¶ 11, fn. 2, citing *Pine v. Price,* 7th Dist. No. 01–CO–46, 2002-Ohio-5223, 2002 WL 31168905, at ¶ 19.

fall semester. Thus, he did not receive a benefit, and a finding of unjust enrichment would not be appropriate.

{¶ 19} The trial court did not err when it failed to find that Courtad owed Hiram College money on an equity theory.

{¶ 20} Hiram College's second assignment of error is without merit.

{¶ 21} The judgment of the trial court is affirmed.

Judgment affirmed.

FORD, P.J., and O'TOOLE, J., concur.