OPINION
{¶ 1} Plaintiff-appellant, Ralph Kordel, appeals the judgment of the Lake County Court of Common Pleas, granting summary judgment in favor of defendant-appellee, Carmen Occhipinti, for the reason that his claims are barred by the statute of limitations. For the following reasons, we reverse the decision of the court below. *Page 2 
 {¶ 2} On January 29, 2007, Kordel filed a Complaint against Occhipinti, alleging that he is owed "in excess of $29,897.33 for checks and improper purchases of materials or products." The events underlying the alleged debt were the basis for a criminal investigation of Occhipinti in 1994. Kordel alleged that Occhipinti was ordered to pay $53,507.33 in restitution as part of the resolution of the underlying criminal matter.
 {¶ 3} On March 26, 2007, with leave of the court, Occhipinti filed an Answer denying the allegations of the Complaint. Occhipinti raised the defenses of statute of limitations, laches and unclean hands, accord and satisfaction, and settlement of the underlying debt.
 {¶ 4} On May 21, 2007, Occhipinti moved for summary judgment on the grounds that Kordel's claim is barred by the statute of limitations. Occhipinti attached a copy of the indictment from the underlying criminal case, demonstrating that he had not been charged for any criminal act occurring later than May 31, 1994.
 {¶ 5} Kordel filed a brief in opposition to Occhipinti's Motion for Summary Judgment. Kordel argued, inter alia, that the trial court's order in the underlying criminal matter established an account between Occhipinti and himself. Kordel also introduced evidence that Occhipinti had made periodic payments toward the restitution until April 25, 2005. "As such, the statute of limitations was tolled until [Occhipinti] made his last payment on April 25, 2005. Plaintiff filed his Complaint on January 29, 2007, less than two years after the last payment."
 {¶ 6} On August 29, 2007, the trial court entered an Order Granting Motion for Summary Judgment. The court rejected Kordel's argument that the restitution order established an account between the parties on the grounds that, "in the absence of a *Page 3 
contractual relationship between two parties, an action on an account cannot be maintained by one against the other." Hiram College v.Courtad, 162 Ohio App.3d 642, 2005-Ohio-4331, at ¶ 8. "Any cause of action [Kordel] seeks to raise against [Occhipinti] rises out of the criminal conduct which occurred in 1994 and is thus barred by the statute of limitations."
 {¶ 7} Kordel timely appeals and raises the following assignment of error: "The Trial Court erred to the prejudice of Plaintiff-Appellant by granting Defendant's Motion for Summary Judgment."
 {¶ 8} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "[t]he moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336. A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision. Brown v. Cty. Commrs. of SciotoCty. (1993), 87 Ohio App.3d 704, 711 (citation omitted).
 {¶ 9} On appeal, Kordel argues that Occhipinti should be equitably estopped from asserting the defense of the statute of limitations and that it is in the interest of public policy that Occhipinti not be allowed to avoid paying restitution when it was imposed as part of his criminal sentence. Cf. State v. McKenney, 8th Dist. No. 79033, *Page 4 
2001 Ohio App. LEXIS 2424, at *4 ("[r]estitution, as a condition of an offender's probation, is part of the offender's sentence").
 {¶ 10} "The purpose of equitable estoppel is to prevent actual or constructive fraud and to promote the ends of justice. It is available only in defense of a legal or equitable right or claim made in good faith and should not be used to uphold crime, fraud, or injustice. * * * The party claiming the estoppel must have relied on conduct of an adversary in such a manner as to change his position for the worse and that reliance must have been reasonable in that the party claiming estoppel did not know and could not have known that its adversary's conduct was misleading." State Bd. of Pharmacy v. Frantz (1990),51 Ohio St.3d 143, 145, citing Heckler v. Community Health Servs. (1984), 467 U.S. 51, 59. "It is therefore fundamental to the application of equitable estoppel for plaintiffs to establish that * * * specific actions by defendants somehow kept them from timely bringing suit * * *." Doe v.Archdiocese of Cincinnati, 109 Ohio St.3d 491, 2006-Ohio-2625, ¶ 45
(citation omitted).
 {¶ 11} "Under Ohio law, the estoppel doctrine can be employed to prohibit inequitable use of the statute of limitations." Schrader v.Gillette (1988), 48 Ohio App.3d 181, 183, citing Wright v. Lorain
(1942), 70 Ohio App. 337, 342-343. "The basis for this principle is that `one cannot justly or equitably lull his adversary into a false sense of security, and thereby cause the adversary to subject a claim to the bar of the statute of limitations.'" Id., citing Markese v. Ellis (1967), 11 Ohio App.2d 160, 163.
 {¶ 12} "The applicability of the doctrine of equitable estoppel is generally an issue to be determined by the trier of fact." Helman v. EBLProlong, Inc., 139 Ohio App.3d 231, 246, 2000-Ohio-2593 (citations omitted); JRC Holdings, Inc. v. Samsel Servs. Co., 166 Ohio App.3d 328,2006-Ohio-2148, at ¶ 28 (citation omitted). *Page 5 
 {¶ 13} Kordel asserts that he was induced into believing that Occhipinti would pay the full amount of restitution imposed by the probation department and, therefore, that recourse to a civil lawsuit to collect the balance would be unnecessary, by the fact that he made periodic payments toward the restitution for ten years, until April 2005.
 {¶ 14} We agree that Kordel has introduced evidence demonstrating a genuine issue of material fact exists whether Occhipinti is entitled to rely upon the statute of limitations to bar his claims. As noted above, a restitution order constitutes part of an offender's sentence and the general public may reasonably expect that offenders will be required to complete their criminal sentences. In the present case, this expectation was further justified by Occhipinti's regular restitution payments to Kordel. Cf. Green v. Navarre, 6th Dist. No. L-81-143, 1981 Ohio App. LEXIS 13528, at *2-*5 (the tortfeasor's insurance company's partial payment of plaintiff's medical expenses created a genuine issue of material fact whether the company was estopped from asserting the statute of limitations).
 {¶ 15} Moreover, this court has recognized the principle, contained in R.C. 2305.08, that partial payment toward a debt extends that time for bringing suit on the balance of the debt. Slack v. Cropper,143 Ohio App.3d 74, 83, 2001-Ohio-8894 (citation omitted). Although R.C. 2305.08
only applies to actions founded on contract, and the trial court correctly found Kordel's claim is not founded on contract, the equitable reasons for extending the statute of limitations based on partial payments apply to the unique circumstances of the present case.
 {¶ 16} Occhipinti counters that Kordel has waived the right to raise the equitable estoppel argument on appeal, because it was not raised in his Brief in Opposition to Summary Judgment before the trial court. This court has held that "if during a summary *Page 6 
judgment exercise, the nonmoving party fails to raise an issue when responding to the moving party's motion for summary judgment, the nonmoving party has waived that issue on appeal." Great Lakes Window,Inc. v. Resash, Inc., 11th Dist. No. 2006-T-0114, 2007-Ohio-5378, at ¶ 24 (citation omitted).
 {¶ 17} In the present case, Kordel did raise the issue of tolling in his Brief in Opposition in a manner sufficient to preserve the issue for appeal, despite the assertion that an account existed between Kordel and Occhipinti. Kordel did not use the specific words, "equitable estoppel," but the substance of his argument was that the statute of limitations was tolled due to Occhipinti's periodic payments. Kordel's Brief in Opposition to Summary Judgment states: "Plaintiff's claim was filed within the the applicable statute of limitations period no matter the theory of recovery due to Defendant's periodic payments pursuant to the Restitution Order. * * * [D]ue to Defendant's periodic payments to Plaintiff * * *, the statute of limitations was tolled until Defendant made his last payment on April 25, 2007."
 {¶ 18} The sole assignment of error is with merit.
 {¶ 19} The judgment of the Lake County Court of Common Pleas, granting summary judgment in favor of Occhipinti is reversed. This case is remanded for further proceedings consistent with this opinion. Costs to be taxed against appellee.
 CYNTHIA WESTCOTT RICE, J., concurs, COLLEEN MARY O'TOOLE, J., dissents. *Page 1