[Cite as *Sabino v. Liberty Health Care Ctr.*, 2019-Ohio-1302.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| ANTHONY SABINO, P.O.A. FOR HELEN ERWIN, | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2018-T-0059** |
| | : | |
| - vs - | : | |
| | : | |
| LIBERTY HEALTH CARE CENTER, | : | |
| | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Girard Municipal Court, Case No. 2017 CVF 00709.

Judgment: Affirmed in part and reversed in part; remanded.

*Anthony Sabino*, pro se, 1427 Hamilton Street, S.W., Warren, OH 44485 (Plaintiff-Appellee).

*Thomas F. Hull, II*, and *Karly B. Johnson*, Manchester Newman & Bennett, 201 East Commerce Street, Atrium Level 2, Youngstown, OH 44503 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellee is Anthony Sabino ("Sabino"), who filed a small claims complaint against appellant, Liberty Health Care Center ("Liberty"). He designated the plaintiff as "Anthony Sabino, P.O.A. for Helen Erwin." Liberty filed a counterclaim against Sabino on an outstanding account for nursing home services provided to Helen Erwin, Sabino's mother. Liberty appeals a judgment in the Girard Municipal Court, that disposed of both the claim and counterclaim. We reverse the trial court's decision disposing of the counterclaim.

{¶2} The facts of the matter, as set out by Liberty in its answer to the complaint, counterclaim, and a subsequently filed motion for summary judgment, have not been disputed. They are as follows:

{¶3} On July 6, 2016, Liberty and Sabino, as attorney-in-fact for his mother Helen Erwin, entered into an agreement for nursing home care and services for Ms. Erwin provided by Liberty. Thereafter, a dispute as to payment for services arose between the parties.

{¶4} On July 26, 2017, Sabino filed a small claims complaint in the Girard Municipal Court, Small Claims Division. The complaint, in its entirety, stated: "Did unlawfuly detain my mother for a dispute with Medicaid, causing her to be denied threat from being transferd. And demaning money they never put a request for." (Sic throughout.) The complaint requested judgment in the amount of $6,000.00. A trial was set for September 7, 2017.

{¶5} Liberty filed motions for leave to plead and for a continuance on August 31, 2017, which were both granted by the trial court. Thereafter, Liberty filed its answer instanter to the complaint on November 3, 2017, stating, as a defense, that Sabino did not have standing to bring the suit as attorney-in-fact on behalf of his mother. Liberty also brought a counterclaim against Sabino, alleging Helen Erwin owed Liberty on an outstanding account for nursing home care services for which Sabino was responsible to pay. Judgment was requested against Helen Erwin, by and through Sabino as her "Power of Attorney," in the amount of $13,731.14. Liberty attached as an Exhibit to the pleading an account statement for Helen Erwin dated August 17, 2017, with a balance due of $13,731.14 as of August 1, 2017.

{¶6}    On March 7, 2018, a pretrial was held in the matter. Sabino failed to appear, and the trial court gave Liberty 30-45 days to file dispositive motions.

{¶7}    On April 19, 2018, Liberty filed its motion for summary judgment with regard to both Sabino's claim and its counterclaim. Liberty argued that (1) the trial court should grant summary judgment in favor of Liberty on Sabino's claim, as he did not have standing to bring an action on behalf of Helen Erwin in his capacity as attorney-in-fact; and (2) the trial court should grant summary judgment in favor of Liberty on its counterclaim for payment on an account balance for services rendered to Helen Erwin. Liberty accompanied its motion for summary judgment with (a) an affidavit of Liberty administrator Annalee E. Hutchinson; (b) Financial Terms sheets for Helen Erwin, executed by Sabino as the "responsible party"; and (c) an account statement for Helen Erwin containing a balance due of $14,139.00 as of January 1, 2018, despite the counterclaim and previously submitted exhibit statement containing an amount due of $13,731.14. The Financial Terms sheets indicated that the "resident" will be responsible for medical costs of $161.00 per day and private room costs of $270.00 per day, totaling $431.00 per day. The difference between the accounting statement attached to the counterclaim and the accounting statement attached to the motion for summary judgment is $407.86.

{¶8}    On June 1, 2018, the trial court granted summary judgment in favor of Liberty on Sabino's claim, stating, "[Sabino] has brought the claim as a supposed Power of Attorney for a third party. He did not appear for the pre-trial hearing scheduled for March 9, 2018 and has never submitted any document suggesting that he is actually Power of Attorney on behalf of his mother. The Plaintiff, therefore has no standing to

3

bring an action on behalf of the third party, and his claim is dismissed." Sabino has not appealed that judgment.

{¶9} In addition, the trial court denied summary judgment with regard to Liberty's counterclaim. Further, the trial court dismissed Liberty's counterclaim against Sabino after determining there was no evidence that Sabino had "control of the assets of the resident" through his relationship as attorney-in-fact. The trial court stated:

> The Defendant's Motion for Summary Judgment is denied as to the Defendant's counterclaim against the Plaintiff. Further, the Defendant has produced no evidence showing that the Plaintiff has control over any assets owned by the resident. This is an essential element of the Defendant's counterclaim as to which it has the burden of proof. The counterclaim against the Plaintiff is found to be without merit and is hereby dismissed.

{¶10} Liberty filed a timely notice of appeal and raises two assignments of error for our review.

{¶11} Liberty's first assignment of error states:

{¶12} "The trial court erred in sua sponte granting summary judgment to plaintiff-appellee on defendant-appellant's counterclaims [sic]."

{¶13} The Ohio Rules of Civil Procedure authorize a court to dismiss an action on its own motion. Civ.R. 4(E) and 41(B)(1). Nevertheless, such a dismissal may be entered only after the affected party is given notice of the court's intention. *Perotti v. Ferguson*, 7 Ohio St.3d 1, 2-3 (1983) (dismissal under Civ.R. 41(B)(1)). Subsequently, in *Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 101 (1986), the Ohio Supreme Court concluded that "the notice requirement of Civ.R. 41(B)(1) applies to *all* dismissals with prejudice[.]" (Emphasis in original.) The reasoning for this conclusion is that "[a] dismissal on the merits is a harsh remedy that calls for the due process guarantee of prior notice." *Id.* Summary judgment on a claim under Civ.R. 56 also cannot be entered without notice.

4

{¶14} With respect to Liberty's counterclaim, the language of the judgment entry makes it unclear whether the trial court dismissed the counterclaim or granted judgment in favor of Sabino on the merits. The trial court first addressed the "control of the assets" element necessary for Liberty to bring its counterclaim and then determined there was no evidence presented that Sabino had "control of the assets of the resident" through his relationship as attorney-in-fact. In either instance, dismissal or judgment "on the merits" without notice, was improper.

{¶15} The only consequence of the determination that Liberty did not present enough evidence to satisfy Civ.R. 56 should have been denial of Liberty's motion for summary judgment. If the moving party does not establish it is entitled to judgment, the motion should simply be denied, and the claim should move forward.

{¶16} Instead, the trial court impermissibly either granted judgment sua sponte in favor of Sabino or dismissed the matter on the merits without notice. Sabino had not responded to the motion for summary judgment nor had he moved the court to dismiss or enter judgment on the counterclaim.

{¶17} Any determination on the merits of Liberty's counterclaim without notice was error. Liberty's first assignment of error has merit.

{¶18} Liberty's second assignment of error states:

{¶19} "The trial court erred in denying defendant-appellant's motion for summary judgment on defendant-appellant's counterclaims [sic]."

{¶20} "Summary judgment is a procedural device intended to terminate litigation and to avoid trial when there is nothing to try." *Frano v. Red Robin Internatl., Inc.*, 181 Ohio App.3d 13, 2009-Ohio-685, ¶12 (11th Dist.), citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358 (1992). Summary judgment is proper when (1) no genuine issue of

5

material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C).

{¶21} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). The moving party must point to some evidence of the type listed in Civ.R. 56(C) (e.g., depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact) that affirmatively demonstrates there is no genuine issue of material fact. *Id.* at 292-293.

{¶22} If this initial burden is not met, the motion for summary judgment must be denied. *Id.* at 293. If the moving party has satisfied its initial burden, however, the nonmoving party then has a reciprocal burden, as outlined in Civ.R. 56(E), to set forth specific facts showing there is a genuine issue for trial. *Id.* If the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against it. *Id.*

{¶23} On appeal, we review a trial court's entry of summary judgment de novo, i.e., "independently and without deference to the trial court's determination." *Brown v. Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 711 (4th Dist.1993) (citation omitted); *see also Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶24} "In an action on account, the account must show four things: (1) the defendant's name, (2) a beginning balance, (3) an itemized list of credits and debits, and (4) a means of determining an amount alleged to be owed." *Hiram College v. Courtad*,

6

162 Ohio App.3d 642, 2005-Ohio-4331, ¶7 (11th Dist.), citing *Raymond Builders Supply, Inc. v. Slapnicker*, 11th Dist., Ashtabula No. 2003-A-0040, 2004-Ohio-1437, ¶8. "The law in Ohio is clear that in the absence of a contractual relationship between two parties, an action on an account cannot be maintained by one against the other." *Laurelwood Hosp. v. Lorenzo*, 11th Dist. Lake No. 93-L-063, 1993 WL 548530 (Dec. 17, 1993) (citation omitted). "An action on an account does not alleviate the plaintiff's burden of showing that the defendant was bound to pay the amounts listed on the account." *Hiram College*, *supra*, at ¶8.

{¶25} Liberty contends it provided sufficient evidentiary material in support of its counterclaim and, therefore, the trial court should have entered summary judgment in its favor. We agree that Liberty provided evidence establishing some amount of money was due. However, Liberty did not meet its ultimate burden on summary judgment of demonstrating no genuine issue existed as to the amount owed or that Sabino had control over sufficient assets of Helen Erwin's from which to satisfy the debt.

{¶26} Liberty introduced signed writings indicating that Sabino, as representative of Helen Erwin, agreed to pay Liberty for nursing home services provided to his mother. On appeal, Liberty appears to agree that it is limited in what it can recover from Sabino to those assets of Helen Erwin's that were in his control. However, it did not produce evidentiary material that established that amount.

{¶27} In addition, the statement attached to the counterclaim and the statement attached to the motion for summary judgment both fail to state a beginning balance and fail to give an itemized list of credits and debits, two elements needed to establish an account.

7

{¶28} Further, the statement Liberty attached to its motion for summary judgment contained a different balance due than the statement attached to the counterclaim. These conflicting totals differ by an amount not consistent with the monthly charges listed in the Financial Terms sheets signed by Sabino. Therefore, this also brings into question whether a means of determining an amount owed exists, which is the fourth element that must be proven for an account claim.

{¶29} Accordingly, when viewing the evidence most strongly in favor of the non-moving party, the elements of an account claim have not been established as a matter of law, and reasonable minds could have a genuine dispute of material fact as to the amount owed under the contractual arrangement between Liberty and Sabino. Therefore, Liberty failed to meet the burden required for granting summary judgment in its favor.

{¶30} Liberty's second assignment of error is without merit.

{¶31} The judgment of the Girard Municipal Court, denying summary judgment in favor of Liberty on its counterclaim is affirmed. The judgment disposing of Liberty's counterclaim is reversed, and the cause is remanded for proceedings consistent with this court's opinion.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.

8