[Cite as *Story v. Story*, 2019-Ohio-3888.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MONIQUE L. ALLEN-STORY,  :

    Plaintiff-Appellee,  :

                             No. 107750

    v.  :

JIMMY LEE STORY,  :

    Defendant-Appellant.  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 26, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-17-365966

---

### *Appearances:*

Brian P. Scherf, *for appellee.*

Jimmy Lee Story, *pro se.*

PATRICIA ANN BLACKMON, J.:

{¶ 1}  Jimmy Lee Story ("Appellant") appeals pro se from several aspects of his September 5, 2018 divorce from Monique L. Allen-Story ("Appellee") and assigns the following errors[1] for our review:

---

[1] These assigned errors are taken verbatim from Jimmy's appellate brief.

I.      The trial court errored, abused its discertion, violated state/federal rules and due process (or any which apply) by issuing orders without service.

II.     The court errored, abused its discertion, violated state/federal rules and due process (or any which apply) by issuing orders when it lost jurisdiction because of lack of service.

III.    The court errored, abused its discertion, violated state/federal rules and due process (or any which apply) by issuing orders when the appellant was not served witness list, exhibits, and discovery to fight allegations.

IV.    The court errored, abused its discertion, violated state/federal rules and due process (or any which apply) by not dismissing appellee case for fraud on the court

V.     The court errored, abused its discertion, violated state/federal rules and due process (or any which apply) by issuing orders without

VI.    The court errored, abused its discertion, violated state/federal rules and due process (or any which apply) by awarding spousal support, child support, and arrearages

VII.   The court errored, abused its discertion, violated state/federal rules and due process (or any which apply) by awarding custody to the appellee.

VIII.  The court errored, abused its discertion, violated state/federal rules and due process (or any which apply) by division of property unequally (house personal property, automobile, financial accounts, and retirement).

IX.    The court errored, abused its discertion, violated state/federal rules and due process (or any which apply) by ordering the appellant to pay court cost

{¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's judgment. The apposite facts follow.

{¶ 3} Appellant and Appellee were married on April 6, 2009. Their daughter was born on February 5, 2012. On March 1, 2017, Appellee filed for divorce. On March 28, 2017, Jimmy, acting pro se, filed an answer to Appellee's complaint, as well as three motions to dismiss and a motion for support. After several days of trial, the court issued a final divorce decree on September 5, 2018. It is from this order that Appellant appeals. We address Appellant's assigned errors out of order when appropriate.

**Service of Process**

{¶ 4} Pursuant to Civ.R. 4(A), "[u]pon the filing of the complaint the clerk shall forthwith issue a summons for service upon each defendant listed in the caption." The Ohio Supreme Court has held that "a trial court is without jurisdiction to render a judgment or to make findings against a person who was not served a summons, did not appear, and was not a party in the court proceedings." *State ex rel. Ballard*, 50 Ohio St.3d 182, 184, 553 N.E.2d 650 (1990).

{¶ 5} In Appellant's first and second assigned errors, he argues that he was not properly served with Appellee's complaint. Specifically, Appellant argues that he was homeless at the time the divorce was filed, and he "gave the court and [Appellee] his P.O. Box address." However, as noted, Appellant filed an answer on March 28, 2017. Furthermore, he filed numerous documents, notices, and motions throughout the proceedings. Additionally, he appeared at court hearings on April 25, 2017, January 22, 2018, and April 3, 2018, as well as at trial on April 10 and 11, 2018 and June 11 through 14, 2018.

{¶ 6} Nonetheless, Appellant repeatedly complained to the trial court that he was not properly served. As a precaution, on August 4, 2017, Appellee filed instructions for service of the divorce complaint and other case documents. On August 7, 2017, a special process server personally served these documents to Appellant. After reviewing the record, we find that Appellant was properly served, he made multiple appearances, and he was an active party in the court proceedings. *See Slomovitz v. Slomovitz*, 8th Dist. Cuyahoga No. 94499, 2010-Ohio-4361, ¶ 10 ("In order for a court to acquire personal jurisdiction over a party, there must be proper service of a summons and complaint, or the party must have entered an appearance, affirmatively waived service, or otherwise voluntarily submitted to the court's jurisdiction"). Although only one of these things need occur for a court to acquire personal jurisdiction over a litigant, all three things happened in the case at hand. Accordingly, Appellant's first and second assigned errors are overruled.

**Discovery**

{¶ 7} "Discovery matters fall within the broad discretion of the trial court, and we review a trial court's decision in discovery matters for an abuse of discretion." *Reddy v. Plain Dealer Publishing Co.*, 8th Dist. Cuyahoga No. 98834, 2013-Ohio-2329, ¶ 26.

{¶ 8} In Appellant's third assigned error, he argues that he was not served with "subpoenas, witness lists, exhibits, and discovery * * *." The domestic relations court filed a trial order on January 9, 2018, which instructed the parties in part as follows: "Witness Lists * * * shall be filed pursuant to Local Rule 12(B). Subpoenas

to witnesses must be served on opposing counsel in accordance with Civ.R. 45(A)(3)." A review of the trial court's docket shows that Appellee filed her expert witness's report on March 15, 2018, and her witness list on March 27, 2018.

{¶ 9} The court's trial order also states that "[n]o later than 7 business days before commencement of trial, counsel shall prepare and exchange lists describing or identifying each of the exhibits s/he intends to use or offer at trial. Counsel shall serve on opposing counsel a complete set of exhibits no less than 7 business days in advance of trial." Appellee's appellate brief states that her counsel sent her exhibit lists to Appellant at his designated P.O. Box address via ordinary mail on March 27, 2018. Furthermore, Appellee filed her affidavit of income and expenses on April 3, 2018, and her trial brief on April 10, 2018.

{¶ 10} Similar to his arguments regarding service of process, Appellant argues under this assigned error that he did not receive required copies of discovery documents from Appellee despite clear evidence to the contrary. Appellee filed copies of many of the documents with the court, thus making them part of the record. Her attorney attested, via a signed certificate of service, that he sent the remaining documents to Appellant via ordinary mail or email. *See Draghin v. Issa*, 8th Dist. Cuyahoga No. 98890, 2013-Ohio-1898, ¶ 21 ("[t]here is a rebuttable presumption of proper service when the civil rules governing service are followed").

{¶ 11} Appellant did not file any motions to compel or motions to strike in this case. Additionally, he presents no evidence to dispute the following: he received the documents in question; Appellee complied with the court's trial order; and the

court acted within its discretion when it proceeded to trial. Furthermore, Appellant fails to identify a witness or exhibit of which he was unaware or by which he was prejudiced. In short, Appellant failed to establish that the court abused its discretion concerning the parties' discovery prior to trial.

{¶ 12} Accordingly, Appellant's third assigned error is overruled.

**Fraud on the Court**

{¶ 13} In his fourth assigned error, Appellant argues that the court erred by not dismissing his case because of "fraud on the court." Although unclear from his brief, we infer Appellant's argument under this assigned error to essentially be as follows: Appellee, through her attorney, failed to serve him various documents pertinent to this case; the magistrate of the civil protection order case[2] refused to review his video of the incident; the court refused to discuss Jimmy's fraud allegations; "[t]he family evaluation and GAL report of commission and omission is a distortion of justice"; and the judge refused to recuse herself despite "a small appearance impropriety [sic]."

{¶ 14} Although not referenced in his appellate brief, we again assume that Appellant is arguing that the court erred by denying his motion for relief from

---

[2] In his appellate brief, Jimmy references that he "was shockingly issued a civil protection (also known as cpo from now on) order" on February 25, 2017. Appellant does not cite to or otherwise identify the case. Monique's appellate brief notes that the parties are involved in an "ancillary matter" concerning domestic violence allegations in Cuyahoga C.P. No. 17-DV-365801. We note that this alleged "cpo" case is not part of the record in the appeal at issue.

judgment, which was filed on September 25, 2017. The court summarily denied this motion on October 3, 2017.

{¶ 15} A court may grant a party's motion for relief from judgment, pursuant to Civ.R. 60(B) for various reasons, including the catchall provision found in subsection (5), which states "any other reason justifying relief from the judgment." Fraud upon the court falls under Civ.R. 60(B)(5).

> "Fraud upon the court" is an elusive concept. * * * [It] "embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery can not [sic] perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." * * * Where an officer of the court, e.g., an attorney * * * actively participates in defrauding the court, then the court may entertain a Civ.R. 60(B)(5) motion for relief from judgment.

*Coulson v. Coulson*, 5 Ohio St.3d 12, 15, 448 N.E.2d 809 (1983) (quoting 7 Moore, *Federal Practice* 515, Paragraph 60.33 (2d Ed. 1971)).

{¶ 16} Appellant's motion for relief from judgment states as follows in its entirety:

> Now comes defendant not served with anything from plaintiff almost the entire proceeding (complaints, affidavit, etc.) before all hearings and orders. Furthermore, the defendant is without legal representation and objects to the hold procedure because of lack of service which prevents him from fighting his case and caused serious harm, ask the court for relief from all judgments because of fraud on the court and the lack of jurisdiction because he was not served at the time of all hearing and orders (including all support orders) in accordance to federal rule 60 and any local rules, state, or federal which apply which defendant is not aware of because of lack of knowledge and being pro-se.

{¶ 17} Upon review, we find that Appellant has failed to allege any facts that could be the basis of a plausible claim for relief from judgment because of fraud on the court. As we concluded previously in this opinion, Appellant was properly served with the complaint, discovery, and other documents; therefore, lack of service cannot be the basis of a fraud on the court allegation. The court did not err in denying Appellant's motion for relief from judgment, and his fourth assigned error is overruled.

**App.R. 16**

{¶ 18} In Appellant's fifth assigned error, he alleges that the court erred "by issuing orders without," and then he fails to complete the remainder of his argument. Pursuant to App.R. 16(A)(7), "[t]he appellant shall include in [his] brief * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Although it is well-settled law that a pro se litigant is held to the same standard as a licensed attorney, an appellate court may indulge a pro se litigant when there is "some semblance of compliance with the appellate rules." *Modesty v. Michael H. Peterson & Assoc.*, 8th Dist. Cuyahoga No. 85653, 2005-Ohio-6002, ¶ 4. Under this assigned error, however, we cannot discern a plausible argument set forth by Appellant. Accordingly, pursuant to App.R. 12(A)(2), we disregard Appellant's fifth assigned error.

**Weight of the Evidence**

**{¶ 19}** In Appellant's sixth, seventh, and eighth assigned errors, he argues that the court erred in its rulings concerning spousal support, child support, arrearages, custody of the parties' daughter, and property division in this divorce case. Although unclear from Appellant's appellate brief, we infer that he is arguing that the court's disposition of the case is not supported by the evidence in the record.

**{¶ 20}** It is undisputed that Appellant failed to file the transcripts from any proceedings in the domestic relations court concerning this case. In Appellant's appellate brief, he states that he "might not be able to afford transcript but he has the audio and will be given them to this great court." Our review of the record shows that Appellant did not file "the audio" either. Appellant's appellate brief further states that he "does not have the money for the transcript, but begs this great court to listen to the appellant testimony and get transcripts."

**{¶ 21}** This court has repeatedly held the following:

> The appellant has the duty to file the transcript or such parts of the transcript that are necessary for evaluating the trial court's decision. App.R. 9(B); *State v. Peterson*, 8th Dist. Cuyahoga No. 96958, 2012-Ohio-87, ¶ 7. Failure to file the transcript prevents an appellate court from reviewing an appellant's assigned errors. *State v. Turner*, 8th Dist. Cuyahoga No. 91695, 2008-Ohio-6648, ¶ 13. Thus, absent a transcript or alternative record under App.R.9(C) or (D), we must presume regularity in the proceedings below.

*Lakewood v. Collins*, 8th Dist. Cuyahoga No. 102953, 2015-Ohio-4389, ¶ 9.

**{¶ 22}** We are compelled to presume regularity concerning the weight of the evidence in the instant case, because Appellant did not file the transcripts, and there

is nothing for this court to review.  Accordingly, Appellant's sixth, seventh, and eighth assigned errors are overruled.

**Court Costs**

{¶ 23} In the final divorce decree, the court ordered that costs be split equally by both parties.  Although Appellant's ninth assigned error purports to concern court costs, the argument under this section of his appellate brief cites no law whatsoever and makes no mention of court costs.  Pursuant to App.R. 12(A)(2), we disregard this assigned error.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, A.J., and
EILEEN T. GALLAGHER, J., CONCUR