[Cite as *Garfield Estates, L.L.C. v. Whittington*, 2021-Ohio-211.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

GARFIELD ESTATES, L.L.C.,           :

    Plaintiff-Appellee,           :

                                  No. 109654

    v.           :

FALICIA WHITTINGTON,           :

    Defendant-Appellant.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED IN PART; REVERSED
               IN PART; REMANDED
**RELEASED AND JOURNALIZED:**  January 28, 2021

---

Civil Appeal from the Garfield Heights Municipal Court
Case No. CVF-1902801

---

### *Appearances:*

Powers Friedman Linn, P.L.L., and Rachel E. Cohen, *for appellee.*

Falicia Whittington, *pro se.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Falicia Whittington, pro se, appeals from the trial court's decision granting summary judgment in favor of plaintiff-appellee Garfield Estates, L.L.C. ("Garfield Estates") on its claims arising out of Whittington's alleged breach of a lease agreement.  Whittington contends that the trial court erred

in entering summary judgment in favor of Garfield Estates because genuine issues of material fact exist as to (1) "the accurate amount to be paid * * * related to [Garfield Estates'] claim" and (2) whether alleged "faulty plumbing" and the condition of the apartment following repairs from a "flood" breached an implied warranty of habitability owed to Whittington. For the reasons that follow, we affirm the trial court as to Whittington's liability for breach of the lease agreement but find that genuine issues of material fact exist as to the amount of damages to which Garfield Estates is entitled for breach of the lease agreement. We, therefore, reverse the trial court's damages award and remand for further proceedings.

### Procedural and Factual Background

{¶ 2} On January 5, 2017, Whittington entered into a written lease agreement (the "lease agreement") with ZG Properties L.L.C. ("ZG Properties") for an apartment unit in the Garfield Villa Apartments located at 5210 East 88th Street in Garfield Heights, Ohio 44125 (the "property"). According to the lease agreement, Garfield Estates was the owner of the property and ZG Properties was the "owner's agent." The lease agreement indicated that the initial lease term was from December 1, 2016 to November 30, 2017. The lease automatically renewed for an additional one-year term unless either party gave 60 days prior written notice to the other of its intent to terminate the lease at the expiration of the then-existing term. According to the lease agreement, the monthly rent was $460 plus a $10 trash fee. Whittington also agreed to pay a utility cost recovery fee of $10, subject to adjustment based on actual utility costs, at the expiration of the lease agreement and

the lease agreement authorized the landlord to charge a $75 late fee for any rental payment made late, subject to a three-day or five-day grace period depending on the method of payment.

{¶ 3} On August 30, 2019, Garfield Estates filed a complaint against Whittington, asserting claims for breach of the lease agreement and money due on account. Garfield Estates alleged that Whittington had vacated the property in September 2018, that at the time she vacated the property she was "in breach of the lease agreement and the Ohio Revised Code" and that, as a result of "said breach," Whittington owed Garfield Estates $1,877.93 for failure to pay monthly rent and "other contractual charges" set forth in the lease agreement. Copies of the lease agreement and a statement of account, dated April 12, 2019, were attached to the complaint. The statement of account listed the monthly rent as being $665 and indicated that the lease term was from January 17, 2018 to December 31, 2018. The statement of account also listed a "[m]ove [i]n" date of January 17, 2018, a "[n]otice" date of September 1, 2018 and a "[m]ove [o]ut" date of September 10, 2018.

{¶ 4} On November 19, 2019, Whittington filed an answer and "counter claims." She admitted that she was a former tenant of the property and had a written lease agreement but otherwise denied the allegations of the complaint. With respect to her "counter claims," Whittington alleged that "faulty plumbing" had resulted in two "floods" on the property. Whittington alleged that she had been moved to another apartment on the premises following the first "flood" and that repairs were not timely made following the second "flood." She asserted that the "flood" and

incomplete repairs "caused unsuitable accommodations" and "provoked [sic] the diminution-in-value rule in favor of a 'reduction-in-use' measure of damages." Whittington attached copies of what purport to be photos of the apartment following the flood and "[l]etters * * * submitted to [the] property manager [c]oncerning the unreasonable living conditions and intent to vacate" to her answer and counterclaims.[1] Whittington made no demand for affirmative relief on her "counter claims" but requested that Garfield Estates' complaint be dismissed with prejudice at its cost. Garfield Estates filed a reply, denying the allegations of Whittington's "counter claims."

{¶ 5} On November 26, 2019, Garfield Estates served interrogatories, a request for the production of documents and a request for admissions upon Whittington. Attached to the request for admissions were copies of the lease agreement and statement of account. The request for admissions included requests to admit the following:

> REQUEST FOR ADMISSION NO. 1: Exhibit "1," a copy of which was served with these Requests, is an itemization of rents, charges, and damages alleged to be owed by you to Plaintiff (hereinafter referred to as the "Statement of Account").

> REQUEST FOR ADMISSION NO. 2: Exhibit "2," a copy of which was served with these Requests, is a true and accurate copy of the written rental agreement between you and Plaintiff (hereinafter the "Rental Agreement").

---

[1] The copies of the letters that exist in the record are illegible and the copies of the photographs that exist in the record are largely indecipherable or inscrutable.

REQUEST FOR ADMISSION NO. 5:  The prices charged for the items as shown in the Statement of Account were the agreed prices to be charged and paid.

REQUEST FOR ADMISSION NO. 8:  The computations by which the balance claimed by Plaintiff was computed are accurate.

REQUEST FOR ADMISSION NO. 9:  The balance herein sued for is due and owing by you to Plaintiff.

REQUEST FOR ADMISSION NO. 10:  Plaintiff fulfilled its obligations to you as agreed to in the Rental Agreement.

REQUEST FOR ADMISSION NO. 13:  Your actions with respect to the premises which are the subject of this action violate the Rental Agreement and §5321.05 of the Ohio Revised Code.

REQUEST FOR ADMISSION NO. 14:  Except as may be shown in the Complaint or the Statement of Account, you are not entitled to any credits, offsets or deductions.

REQUEST FOR ADMISSION NO. 16:  There are no facts upon which you rely as evidence of or a basis for a defense against any of Plaintiff's claims.

REQUEST FOR ADMISSION NO. 18:  There are no facts upon which you rely as evidence of or a basis for any claim against Plaintiff.

The request specified a response time of 28 days after service.  Whittingham did not object to or respond to Garfield Estates' discovery requests and did not request an extension of time within which to respond to the requests.

{¶ 6}  On January 16, 2020, Garfield Estates filed a motion for leave to file a motion for summary judgment instanter on its claims against Whittington.  The following day, the trial court granted Garfield Estates' motion for leave.  Garfield Estates' motion for summary judgment was based entirely on Whittington's failure to respond to its request for admissions.  Based on the unanswered request for

admissions, Garfield Estates argued that each request for admission was deemed admitted, that there were no material facts in dispute and that it was entitled to judgment against Whittington in the amount of $1,877.93 plus postjudgment interest and costs. In support of its motion, Garfield Estates submitted an affidavit from its attorney,[2] attaching copies of the unanswered discovery requests.[3]

{¶ 7} On January 30, 2020, Whittington filed an "opposition motion to [Garfield Estates'] motion for leave to file summary judgment instanter" (the "opposition"). She asserted that (1) issues of material fact were "unresolved where uninhabited laws raised just cause to vacate of subject matter premises [sic]," (2) Garfield Estates had failed to "refute [her] counter claims," (3) she had made "no admissions * * * as to allegations made in Plaintiff's complaint," (4) Garfield Estates had not shown good cause for leave to file a motion for summary judgment and (5) granting Garfield Estates leave to file a motion for summary judgment "would cause prejudice to [her] right to [a] fair trial." Whittington did not submit any evidence in support of her opposition and did not otherwise point to any evidence of specific facts in the record that she contended established a genuine issue of material fact for trial. Rather, she simply recited the summary judgment standard and asserted

---

[2] In its motion for summary judgment, Garfield Estates asserted that it had attached affidavits from both Garfield Estates and its counsel in support of the motion. However, only an affidavit from counsel was attached to the motion.

[3] In her affidavit, Garfield Estates' attorney averred that copies of the discovery requests had been served on Whittington and that Whittington had not responded to Garfield Estates' request for admissions or requested an extension of time within which to respond to the request for admissions.

that (1) Garfield Estates had failed to set forth specific facts demonstrating its entitlement to summary judgment and refuting her "counter claims" and (2) "the face of both the complaint and the counter claims demonstrates that genuine issues of material facts exists."

{¶ 8} On March 10, 2020, the trial court granted Garfield Estates' motion for summary judgment, finding that no genuine issues of material fact existed as to its claims against Whittington. The trial court entered judgment in favor of Garfield Estates and against Whittington in the amount of $1,877.93, plus interest at 5 percent from the date of judgment and costs.

{¶ 9} Whittington appealed, raising the following two assignments of error for review:

> First Assignment of Error: The trial court erred and abused its discretion by determining that no genuine issues of material fact exist as to Plaintiff's, Garfield Estates L.L.C.['s], claims against Defendant, Falicia Whittington.

> Second Assignment of Error: The trial court erred and abused its discretion by failing to consider Appellant, Falicia Whittington['s] related counter-claim and evidence as genuine issue of material fact.

{¶ 10} Whittington's assignments of error are interrelated. We, therefore, address them together.

**Law and Analysis**

## Jurisdiction

{¶ 11} Before we can review the merits, we will first consider whether we have jurisdiction to hear this appeal. Our appellate jurisdiction is limited to reviewing orders that are both final and appealable. *See* Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2505.02, 2505.03. "If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed." *Assn. of Cleveland Firefighters, # 93 v. Campbell*, 8th Dist. Cuyahoga No. 84148, 2005-Ohio-1841, ¶ 6. This court has a duty to examine, sua sponte, potential deficiencies in jurisdiction. *See, e.g., Arch Bay Holdings, L.L.C. v. Goler*, 8th Dist. Cuyahoga No. 102455, 2015-Ohio-3036, ¶ 9, citing *Saikus v. Ford Motor Credit Co.*, 8th Dist. Cuyahoga No. 77802, 2001 Ohio App. LEXIS 1696, 6 (Apr. 12, 2001); *see also Scanlon v. Scanlon*, 8th Dist. Cuyahoga No. 97724, 2012-Ohio-2514, ¶ 5 ("In the absence of a final, appealable order, the appellate court does not possess jurisdiction to review the matter and must dismiss the case sua sponte.").

{¶ 12} Ordinarily, where a matter involves multiple claims and parties, "[a]n order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ. R. 54(B) in order to be final and appealable." *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989), syllabus. Pursuant to Civ.R. 54(B), to be final and appealable, a judgment involving fewer than all claims or parties must include the

trial court's express determination that there is "no just reason for delay." Absent such a determination, a decision that adjudicates fewer than all claims of all parties "shall not terminate the action as to any of the claims or parties" and "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Civ.R. 54(B). Where, however, pending unresolved claims "touch upon the very same facts, legal issues and circumstances" as resolved claims, even a Civ.R. 54(B) certification does not render a summary judgment order final and appealable. *See, e.g., Altenheim v. Januszewski*, 8th Dist. Cuyahoga No. 105860, 2018-Ohio-1395, ¶ 3-7, 10-12; *Rae-Ann Suburban, Inc. v. Wolfe*, 8th Dist. Cuyahoga No. 107536, 2019-Ohio-1451, ¶ 12-19.

{¶ 13} In this case, the trial court's March 10, 2020 judgment entry granting Garfield Estates' summary judgment motion expressly disposed of Garfield Estates' claims against Whittington but did not expressly dispose of Whittington's "counter claims" against Garfield Estates. The entry simply states: "This Court finds that no genuine issues of material facts exist as to Plaintiff's claims against Defendant and therefore grants Plaintiff's Motion for Summary Judgment. Judgment is hereby rendered in favor of the Plaintiff, Garfield Estates, L.L.C., and against Defendant, Falicia Whittington * * *." The trial court's judgment entry does not contain Civ.R. 54(B) language.

{¶ 14} However, even if all claims involving all parties are not expressly adjudicated by the trial court, "if the effect of the judgment as to some of the claims is to render moot the remaining claims or parties, then compliance with Civ.R. 54(B)

is not required to make the judgment final and appealable." *Gen. Accident Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21, 540 N.E.2d 266 (1989); *see also Wise v. Gursky*, 66 Ohio St.2d 241, 243, 421 N.E.2d 150 (1981) ("[A] judgment in an action which determines a claim in that action and has the effect of rendering moot all other claims in the action as to all other parties to the action is a final appealable order pursuant to R.C. 2505.02, and Civ.R. 54(B) is not applicable to such a judgment.").

{¶ 15} Under Civ.R. 8(A), a counterclaim must contain: (1) a short and plain statement of the claim showing that the party is entitled to relief and (2) a demand for judgment for the relief to which the party claims to be entitled. Whittington's "counter claims" arguably do not meet both those requirements. Furthermore, even if Whittington's "counter claims" met the requirements of Civ.R. 8(A), it is clear that the trial court's ruling on Garfield Estates' claims in effect determined Whittington's "counter claims," rendering them moot. Accordingly, we have jurisdiction to hear this appeal.

**Standard of Review**

{¶ 16} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We accord no deference to the trial court's decision and conduct an independent review of the record to determine whether summary judgment is appropriate.

{¶ 17} Under Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor

of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party, entitling the moving party to judgment as a matter of law.

{¶ 18} On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party must then point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. If the nonmoving party fails to meet this burden, summary judgment is appropriate. *Id.*

{¶ 19} In this case, Garfield Estates asserted two claims: (1) a claim for breach of the lease agreement and (2) a claim for money owed on account. An action on an account is not a separate claim but, rather, "a pleading device 'used to consolidate several claims which one party has against another.'" *Kwikcolor Sand v. Fairmount Minerals Ltd.*, 8th Dist. Cuyahoga No. 96717, 2011-Ohio-6646, ¶ 13, quoting *AMF, Inc. v. Mravec*, 2 Ohio App.3d 29, 440 N.E.2d 600 (8th Dist. 1981), paragraph one of the syllabus. An action on account "simplifies pleadings by allowing a party to advance, as one claim, claims for separate breaches of contract based on a series of transactions by providing a summary of accounting for the transactions." *Kwikcolor Sand* at ¶ 13. Thus, Garfield Estates' claim for money owed on account — like its claim for breach of the lease agreement — is really a claim

for breach of contract.  *See, e.g., Schottenstein, Zox & Dunn Co., L.P.A. v. Reineke*, 9th Dist. Medina No. 10CA0138-M, 2011-Ohio-6201, ¶ 18 ("'An action on an account is an action for a breach of contract.'"), quoting *AMF* at paragraph two of the syllabus; *Hiram College v. Courtad*, 162 Ohio App.3d 642, 2005-Ohio-4331, 834 N.E.2d 432, ¶ 7-8 (11th Dist.) ("In an action on account, the account must show: (1) the defendant's name, (2) a beginning balance, (3) an itemized list of credits and debits, and (4) a means of determining an amount alleged to be owed.  * * * '[I]n the absence of a contractual relationship between two parties, an action on an account cannot be maintained by one against the other.'  An action on an account does not alleviate the plaintiff's burden of showing that the defendant was bound to pay the amounts listed on the account."), quoting *Laurelwood Hosp. v. Lorenzo*, 11th Dist. Lake No. 93-L-063, 1993 Ohio App. LEXIS 6122, 5-6 (Dec. 17, 1993).

{¶ 20} To prevail on a claim for breach of contract, a plaintiff must prove: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant and (4) resulting damages to the plaintiff.  *See, e.g., FedEx Corp. Servs. v. Brandes Internatl. Co.,* 8th Dist. Cuyahoga No. 108309, 2020-Ohio-3449, ¶ 16; *Osborn Engineering Co. v. K/B Fund IV Cleveland, L.L.C.,* 8th Dist. Cuyahoga No. 95157, 2011-Ohio-348, ¶ 10.  To establish the amount due on an account, a plaintiff must prove:

> (1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) a summarization by means of a running or

> developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due.

*Discover Bank v. Pierce*, 2d Dist. Montgomery No. 25755, 2014-Ohio-625, ¶ 17, quoting *Discover Bank c/o DFS Servs. L.L.C. v. Lammers*, 2d Dist. Greene No. 08 CA 85, 2009-Ohio-3516, ¶ 20; *see also Midland Funding, L.L.C. v. Snedeker*, 5th Dist. Licking No. 13-CA-56, 2014-Ohio-887, ¶ 25.

**{¶ 21}** In this case, Garfield Estates moved for summary judgment on its claims based solely on Whittington's failure to respond to its request for admissions.

**{¶ 22}** Under Civ.R. 36(A), a party to a lawsuit may serve a written request for admissions on the opposing party. Unless the trial court modifies the time frame, the receiving party must answer or object to the admissions within the time period designated in the request (which must be not less than 28 days after the request for admissions is served) or the admissions are deemed admitted. Civ.R. 36(A)(1).

**{¶ 23}** Civ.R. 36 is self-enforcing. *6750 BMS, L.L.C. v. Drentlau*, 2016-Ohio-1385, 62 N.E.3d 928, ¶ 13 (8th Dist.). If the requests are not timely answered, they are automatically admitted and recognized by the trial court as fact unless the trial court permits a party to withdraw or amend its admissions under Civ.R. 36(B). Civ.R. 36(B) ("Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."); *6750 BMS* at ¶ 13 ("Because the rule is self-enforcing, the trial court has no discretion whether to deem the matters admitted. * * * If the requests are not answered by the deadline, they are automatically admitted, and the trial court must recognize them

unless and until a party moves to have the admissions withdrawn."); *Bayview Loan Servicing, L.L.C. v. St. Cyr*, 2017-Ohio-2758, 90 N.E.3d 321, ¶ 15 (8th Dist.) ("[W]here a party fails to timely respond to the request for admissions, those admissions become fact."). A parties' default admissions under Civ.R. 36(B) constitute "written admissions" for summary judgment purposes and may be relied upon to demonstrate the absence of a genuine issue of material fact for trial under Civ.R. 56(C). *See, e.g., Chase Home Fin. L.L.C. v. Dunlap*, 4th Dist. Ross No. 11CA3266, 2013-Ohio-1915, ¶ 16; *see also WFG Natl. Title Ins. Co. v. Meehan*, 2018-Ohio-491, 107 N.E.3d 60, ¶ 36 (8th Dist.) ("'[W]here a party files a written request for admission, a failure of the opposing party to timely answer the request constitutes a conclusive admission pursuant to Civ.R. 56(C) in case of a summary judgment.'"), quoting *Klesch v. Reid*, 95 Ohio App.3d 664, 674, 643 N.E.2d 571 (8th Dist.1994).

{¶ 24} Civ.R. 36(B) states that "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits." Civ.R. 36 does not require a formal motion or specify a time within which a request to withdraw or amend admissions must be made. Even absent a written or oral motion to withdraw, "[c]ourts have accepted * * * various challenges to the truth of an admission as implicit motions to withdraw." *C.S.J. v.*

*S.E.J.*, 8th Dist. Cuyahoga No. 108390, 2020-Ohio-492, ¶ 12; *WFG Natl. Title Ins.* at ¶ 38.

{¶ 25} In this case, there is nothing in the record to indicate that Whittington ever made a written or oral motion to withdraw or amend the admissions or otherwise implicitly moved to withdraw the admissions by contesting or challenging the truth of the admissions below. Nor has she offered any explanation for her failure to respond to the request for admissions. In her opposition to the summary judgment motion, Whittington stated only that "no admissions are made by defendant as to the allegations made in Plaintiff's complaint." She did not address the default admissions that arose due to her failure to respond to Garfield Estates' request for admissions.

{¶ 26} Based on the default admissions, Whittington admitted that Garfield Estates "fulfilled its obligations to you as agreed in the Rental Agreement" and that she "violate[d] the Rental Agreement." Thus, with respect to the issue of Whittington's liability on its claim for breach of the lease agreement, Garfield Estates met its initial burden under Civ.R. 56(C), i.e., identifying specific facts in the record that demonstrate its entitlement to summary judgment, on that issue. The burden then shifted to Whittington to show the existence of a genuine issue of material fact for trial.

{¶ 27} When a moving party properly supports its motion for summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings." Civ.R. 56(E). Rather, "the party's response, by affidavit or

as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial." *Id.* Although she filed an opposition to Garfield Estates' summary judgment motion, Whittington did not meet her reciprocal burden on summary judgment. *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264. Whittington did not submit any evidence in support of her opposition and did not otherwise point to any evidence of specific facts in the record that established a genuine issue of material fact for trial. Rather, as stated above, she simply asserted that "the face of both the complaint and the counter claims demonstrates that genuine issues of material facts exists [sic]." Whittington's reliance on the allegations of the complaint and her "counter claims" was not sufficient to preclude summary judgment on the issue of liability. *See, e.g., Papa's Homes, L.L.C. v. Maple Park Terrace Condominium Assn.*, 8th Dist. Cuyahoga No. 109298, 2020-Ohio 5621, ¶ 14.

{¶ 28} Therefore, as to the issue of liability on Garfield Estates' claims, we find no error by the trial court in entering summary judgment in favor of Garfield Estates and against Whittington.

{¶ 29} However, as to the issue of damages, i.e., the amount due under the lease agreement, we reach a different conclusion. We find that we find that genuine issues of material fact exist that precludes summary judgment on that issue.

{¶ 30} With respect to the amounts due under the lease agreement, the default admissions contain contradictory information. The default admissions include admissions that the copy of the lease agreement attached to Garfield Estates' request for admissions was a true and accurate copy of the parties' written lease

agreement, setting forth the obligations between the parties. The default admissions also include admissions that "[t]he prices charged for the items as shown in the Statement of Account were the agreed prices to be charged and paid," "[t]he computations by which the balance claimed by Plaintiff was computed are accurate," "[t]he balance herein sued for is due and owing by you to Plaintiff" and "[e]xcept as may be shown in the Complaint or the Statement of Account, you are not entitled to any credits, offsets or deductions." However, the amounts payable under the terms of the lease agreement do not match the amounts stated as being owed on the statement of account, which was the basis for the damages awarded by the trial court.

{¶ 31} According to the lease agreement, the monthly rent was $460 (plus a $10 trash fee). The statement of account, however, states that the monthly rent was $665. There is nothing in the record that explains or accounts for this discrepancy. In addition, according to the lease agreement, the initial lease term was from December 1, 2016 through November 30, 2017, automatically renewable for a one-year period unless notice was given. Thus, based on the terms of the lease agreement, the lease term at issue should be from December 1, 2018-November 30, 2019. The statement of account, however, states that the lease term is from January 17, 2018 to December 31, 2018. Once again, there is nothing in the record that explains or accounts for this discrepancy.

{¶ 32} The statement of account begins with a $0 balance as of September 1, 2018. For September 2018, the statement of account then lists a monthly rent

charge of $665 rent and a $205 credit for "concessions," resulting in a net charge of $460 ($665-$205). There is nothing in the record that explains this "concessions" credit or what it is for. For September 2018, the statement of account also lists a "monthly trash charge" and a "late rent fee," which appear to have been permitted under the terms of the lease agreement, as well as a $2.93 charge for "electric 09.12.2018 – 09.17.2018 – 6 days" — which is inexplicably after the September 10, 2018 "[m]ove out" date.

{¶ 33} For October 2018, the statement of account lists a rent charge of $665, a "concessions" credit of $205, a "monthly trash charge" of $10, a rent credit of $665, a "concessions" charge of $205 and a "monthly trash charge" credit of $10, resulting in a net $0 charge for October 2018. There is nothing in the record that explains these charges and credits. For November 2018 and December 2018 (which would have been after the lease term expired), the statement of account lists only monthly rent charges of $665 for each month.

{¶ 34} Garfield Estates, through its use of the default admissions, put forth contradictory information regarding as the amounts Whittington owed under the lease agreement. Where default admissions contain contradictory information, a trial court errs in entering summary judgment. *See, e.g., Chase Home Fin.*, 2013-Ohio-1915, at ¶ 19 (summary judgment was inappropriate where, due to contradictory default admissions by the parties, genuine issues of material fact existed); *cf. Ohio CAT v. Stoneman*, 2015-Ohio-3546, 41 N.E.3d 833, ¶ 32-35 (11th Dist.) (appellee, as the moving party, failed to meet its burden of demonstrating the

absence of any genuine issue of material fact and the trial court erred in granting summary judgment in favor of appellee for $64,877.21 where appellee put forth contradictory evidence in support of its motion for summary judgment as to the amount owed by appellant, i.e., the admissions indicated that appellant owed appellee $60,880 and appellee's affidavit claimed appellant owed appellee $64,877.21).

{¶ 35} Because the default admissions — the sole evidence Garfield Estates relied on to support its summary judgment motion — contain contradictory information regarding its damages, Garfield Estates did not meet its initial burden under Civ.R. 56(C) of presenting evidence of specific facts that demonstrate the absence of a genuine issue of material fact on that issue. Accordingly, the trial court erred to the extent it granted summary judgment in favor of Garfield Estates on the issue of damages.

{¶ 36} Whittington's assignments of error are sustained in part and overruled in part. We affirm the trial court as to Whittington's liability for breach of the lease agreement. We reverse the trial court's damages award and remand the case for further proceedings.

{¶ 37} Judgment affirmed in part; reversed in part; remanded.

It is ordered that appellant and appellee shall share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Garfield Heights Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
LARRY A. JONES, SR., J., CONCUR