[Cite as *Capital One Bank v. McCladdie*, 2022-Ohio-4082.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CAPITAL ONE BANK (U.S.A.), N.A., :

    Plaintiff-Appellee, :

                                   No. 111289
v. :

ANTONIO M. MCCLADDIE, :

    Defendant-Appellant. :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 17, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-943806

*Appearances:*

Weltman, Weinberg & Reis, Co., L.P.A., and Daniel A. Friedlander, *for appellee*.

Antonio M. McCladdie-El, *pro se*.

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant Antonio M. McCladdie, who also refers to himself in his appellate filing as "Antonio M. McCladdie-El," ("McCladdie") appeals the trial court's grant of summary judgment in favor of plaintiff-appellee Capital One Bank (U.S.A.), N.A. ("Capital One"). We affirm the trial court's judgment.

{¶ 2} On February 8, 2021, Capital One filed an action on account against McCladdie seeking a judgment for an outstanding Mastercard Platinum credit card balance in the sum of $5,024.02. Capital One claimed McCladdie applied for a credit card account and by use of the account, became bound by the printed terms and conditions attached as an exhibit to the complaint. Capital One did not seek and fully disclaimed the right to any attorney fees, or contractual or statutory interest after the date of charge off including post-judgment interest.

{¶ 3} On June 23, 2021, McCladdie filed a motion for leave to file answer instanter pursuant to "Civ.R. 6(B)." The motion was accompanied by a purported "answer" in the form of an affidavit of fact and included an averment that McCladdie is an "Aboriginal Moorish American Natural Person, in Propia persona Sui Juris and not an artificial corporate person, nor any other fraudulent misrepresentation." McCladdie also denied liability.

{¶ 4} On July 6, 2021, the trial court denied McCladdie's motion.

Defendant filed a motion (in Propia persona, Sui Juris) for leave to file answer instanter (answer attached) on 06/23/2021. The complaint was served in accordance with the civil rules and defendant failed to file a timely answer. Defendant's claim that he did not file a timely answer "because proper service was never received via certified mail" is not well taken. Defendant has not shown his failure to file a timely answer was due to excusable neglect and, therefore, defendant's motion is denied.

Journal entry No. 117721819 (July 6, 2021).

{¶ 5} On August 11, 2021, McCladdie filed a motion to vacate the default judgment that was opposed by Capital One. On September 9, 2021, the trial court

ruled, "for good cause shown, this court finds defendant's motion to vacate default judgment is meritorious and grants said motion. * * * The case is reinstated to the court's active docket." Journal entry No. 118597265 (Sept. 9, 2021).

{¶ 6} On November 15, 2021, McCladdie filed an answer similar in content to his prior filing. McCladdie explained that on August 15, 2018, he joined the Moorish Science Temple of America and on May 9, 2019, the Cuyahoga County Probate Court issued a judgment entry authorizing his name change from "Antonio Martel McCladdie" to "Antonio Martel McCladdie-El." A copy of the entry was attached to the filing. As a result of his conversion, McCladdie averred that he is an "Aboriginal Moorish American Natural Person, in Propia persona Sui Juris and not an artificial corporate person, nor any other fraudulent misrepresentation."

{¶ 7} McCladdie denied that a contract existed with Capital One and argued that Capital One has failed to prove an action on account with agreed terms and conditions. Also, McCladdie claimed that Capital One has failed to produce a contract, corporate charter, and foreign registration with the Ohio Attorney General to confirm standing and good faith. McCladdie demanded that Capital One submit receipts of every transaction made during the entire period the alleged credit card was used. In addition, McCladdie stated that Capital One violated 15 U.S.C.

1692(e)(3) of the Fair Debt Collections Practice Act "for attempting to conduct business with an entity no longer doing business."[1]

{¶ 8} Capital One moved for summary judgment on December 14, 2021. In addition to the printed terms and conditions, Capital One submitted copies of account statements, terms and conditions, and a supporting affidavit.

{¶ 9} McCladdie's brief in opposition expounded on the prior affidavit.

I AM, Antonio Martel McCladdie EL, identified by the Union States Society of North America-U.S.A, under the colorable, artificial person, ANTONIO MARTEL MCCLADDIE EL, a Moorish American based on the fact(s) that I am a descendant of Moroccans born in America (Jus Soli and Jus Sanguinis), Domicile in the Ohio Territory, and am a member of the Moorish Science Temple of America theocratic government (body politic). My religion is "Islamism" and "Old Time" religion.

I, being Moorish-American have through "United Nations Declaration on the Rights of Indigenous Peoples," rights secured in the United States Constitution and Ohio Constitution. A few of my rights are right of self-identification, right to a nationality, a right to belong to an indigenous community or nation, in accordance with the traditions and customs of the community or nation concerned, a right to practice and revitalize Moorish-American cultural traditions and customs etc.

I affirm that these rights are secured in the first, fourth, fifth, ninth and tenth amendments of the United States of America Constitution and Article 1 Section 1, Article 1 Section 7, Article 1 Section 14, and Article 1 Section 20 of the Ohio Constitution. I affirm that it is a Moorish-American custom(s) and tradition(s) to use EL, Bey and Ali as titles,

---

[1] 15 U.S.C. 1692(e)(3) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:  * * * (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

names, or both. House Resolution Number Seventy-Five (75): dated April 17,1933 (Moorish-American Society of Philadelphia and the use of their names.) Furthermore, religious belief need not be acceptable, logical, consistent or comprehensible to others to merit first amendment protection. *Thomas v. Review Board of the Indiana Employment Security Division Et Al*, 450 U.S. 707 (1981).

Appellant's brief, p.1-2.

{¶ 10} Thus, McCladdie stated that he is a "sovereign citizen." Generally,

sovereign citizens, whether tied to an organization or not, adhere to a view that the existing American governmental structure, including the courts and law enforcement, is illegitimate and that they, the sovereign citizens, retain an individual common law identity exempting them from the authority of those fraudulent government institutions [i.e., the federal citizens].

University of North Carolina at Chapel Hill School of Government, *A Quick Guide to Sovereign Citizens*, p.1 (Rev. Nov. 2013).

{¶ 11} Another tenet reportedly adopted by sovereign citizens is that "the federal government substituted its citizens as collateral for the country's debts by pledging each citizen's future earnings to foreign investors" "when the federal government abandoned the gold standard in the 1930s." *Id*. at p. 2. As a result, "two separate identities are created. The corporate shell account, the one pledged as security, is the 'strawman' to which sovereign citizens refer and, in their view, is separate and distinct from their true flesh and blood identity." *Id*. Use of the suffix such as "Bey" or "El Bey" distinguishes the sovereign individual. Another example is for "John Doe * * *, Authorized Representative * * * of JOHN DOE." *Id*. "[S]overeign citizens reject the current federal, state and local governments and consider themselves outside their authority." *Id*. at p. 3.

{¶ 12} McCladdie denied that a contract existed between the parties, claimed that counsel for Capital One lacks authority to pursue the action, and stated the claims are fraudulent. McCladdie also restated that Capital One failed to respond to the answer affidavit that requested copies of documents including the "international contract" between the parties, and that the failure to submit those documents means that McCladdie's affidavit is true.

{¶ 13} On January 20, 2022, the trial court granted summary judgment. McCladdie appeals and offers a single assignment of error:

> The trial court abused its discretion by allowing a summary judgment when sufficient evidence was not produced that an international contract between the two parties existed. The defendant was denied due process of law under the Fifth Amendment of the Constitution of the United States of America by the court reaching a decision in favor of the plaintiff without a trial and without an international contract. Defendant was also denied the right to face an accuser which violates rights protected under the Sixth Amendment of the Constitution of the United States of America. The Defendant was also denied evidence per the Ohio Rules of Discovery Title V Rule 26.

{¶ 14} We first state that "'[p]ro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel.'" *Heller v. Ohio Dept. of Jobs & Family Servs.*, 8th Dist. Cuyahoga No. 92965, 2010-Ohio-517, ¶ 18, quoting *Meyers v. First Natl. Bank of Cincinnati*, 3 Ohio App.3d 209, 210, 444 N.E.2d 412, (1st Dist.1981). "They are not to be accorded greater rights and must accept the results of their own mistakes and errors." *Id.*

{¶ 15} We also add that Ohio courts have rejected arguments that the courts lack subject-matter and personal jurisdiction over natural or sovereign persons.

*Village of St. Paris v. Galluzzo*, 2d Dist. Champaign No. 2014-CA-29, 2015-Ohio-3385, ¶ 36, citing *Village of St. Paris v. Galluzzo*, 2d Dist. Champaign No. 2014-CA-4, 2014-Ohio-3260, ¶ 9-10, and *Dayton v. Galluzzo*, 2d Dist. Montgomery No. 25913, 2014-Ohio-4854, ¶ 5-6. "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily; however, they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir.2011).

{¶ 16} An appellate court's review of a trial court's summary-judgment decision is de novo, meaning we use the same standard as the trial court without deference to the trial court's decision. *Lillie & Holderman v. Dimora*, 8th Dist. Cuyahoga No. 100989, 2015-Ohio-301, ¶ 9, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996), and *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989).

{¶ 17} The moving party must demonstrate, based on pertinent portions of the record, the absence of a genuine issue of material fact on "an essential element of the nonmoving party's claim." *Id.*, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). The moving party must show "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the

nonmoving party." *Marusa v. Erie Ins. Co.*, 136 Ohio St.3d 118, 2013-Ohio-1957, 991 N.E.2d 232, ¶ 7, Civ.R. 56.

{¶ 18} Once the nonmoving party has met its burden, the burden shifts to the nonmoving party to set forth specific facts and submit evidentiary materials that demonstrate that a genuine issue of material fact exists. *Dimora*, 8th Dist. Cuyahoga No. 100989, 2015-Ohio-301, ¶ 9, citing *PNC Bank, N.A. v. Bhandari*, 6th Dist. Lucas No. L-12-1335, 2013-Ohio-2477, ¶ 9.

{¶ 19} A credit card action on account does not require a signed written agreement. As this court has explained, "the credit card relationship is an offer by the issuer for a series of unilateral contracts that are actually formed when the holder uses the credit card to buy goods or services or to obtain cash." *Unifund CCR, L.L.C. v. Johnson*, 8th Dist. Cuyahoga No. 100600, 2014-Ohio-4376, ¶ 11, citing *Cavalry SPV I, L.L.C. v. Krantz*, 8th Dist. Cuyahoga No. 97422, 2012-Ohio-2202, *In re Ward*, 857 F.2d 1082, 1086-1087 (6th Cir.1988). "Thus, rather than needing a signed written agreement, the use of a credit card results in the person using the card being bound by the card member agreement." *Id.*, citing *Citibank v. Ebbing*, 12th Dist. Butler No. CA2012-12-252, 2013-Ohio-4761, *Ohio Receivables, L.L.C. v. Dallariva*, 10th Dist. Franklin No. 11AP-951, 2012-Ohio-3165, ¶ 33.

{¶ 20} An action on account is "a pleading device 'used to consolidate several claims which one party has against another.'" *Garfield Estates, L.L.C. v. Whittington*, 2021-Ohio-211, 167 N.E.3d 113, ¶ 19 (8th Dist.) quoting *AMF, Inc. v. Mravec*, 2 Ohio App.3d 29, 440 N.E.2d 600 (8th Dist.1981), paragraph one of the

syllabus. It "'simplifies pleadings by allowing a party to advance, as one claim, claims for separate breaches of contract based on a series of transactions by providing a summary of accounting for the transactions.'" *Id.*, quoting *Kwikcolor Sand v. Fairmount Minerals Ltd.*, 8th Dist. Cuyahoga No. 96717, 2011-Ohio-6646, ¶ 13.

{¶ 21} A party must show "(1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant and (4) resulting damages to the plaintiff." *Whittington* at ¶ 20. To prevail on the sum due on an account, Capital One must prove:

> (1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) a summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due.

*Id.*, quoting *Discover Bank v. Pierce*, 2d Dist. Montgomery No. 25755, 2014-Ohio-625, ¶ 17.

{¶ 22} Capital One's motion for summary judgment is supported by a copy of the customer agreement of account terms and conditions and copies of account statements addressed to McCladdie covering the October 25, 2018, to November 24, 2018, through November 25, 2019, to December 24, 2019 final billing cycle. The statements list the account balance, minimum payment due, purchases, credits, adjustments, payments, fees, and interest.

{¶ 23} The statements reflect payments by McCladdie through May 16, 2019, the subsequent failures to pay, and final account notification of default and demand for $5,024.02 as of the final billing period.[2] The exhibits are accompanied by a supporting affidavit by an employee of Capital One Services, L.L.C., the agent, affiliate, and servicer of the Capital One credit-card activities that attests to the truth and accuracy of the exhibits.

{¶ 24} Thus, the burden shifted to McCladdie to establish with the requisite support that there is indeed a genuine issue of material fact. McCladdie responded by reiterating the arguments posed in his prior filings. McCladdie failed to provide evidence in support of his position that creates a genuine issue of material fact when viewed in a light most favorable to McCladdie. *Dresher*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

{¶ 25} McCladdie also argues that the trial court's grant of summary judgment without a hearing usurped McCladdie's Fifth Amendment right to procedural due process and Sixth Amendment right to confront his accuser. A trial court is not required to hold a hearing on motions for summary judgment. *Greenberg v. Markowitz*, 8th Dist. Cuyahoga No. 93838, 2010-Ohio-2228, ¶ 5, citing *Doe v. Beach House Dev. Co.*, 136 Ohio App.3d 573, 737 N.E.2d 141 (8th Dist.2000). Even if a hearing is requested, holding a hearing is wholly within the

---

[2] Notably, McCladdie's name change was granted by the probate court on May 9, 2019, and no payments were submitted thereafter.

trial court's discretion. *Id.*, citing *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648.

{¶ 26} "As applied to summary judgment, procedural due process requires that a non-moving party have an opportunity to respond before the adjudication of a motion for summary judgment." *Village of Harbor View v. Jones*, 10th Dist. Franklin Nos. 10AP-356 and 10AP-357, 2010-Ohio-6533, at ¶ 37; *State ex rel. Thernes v. United Local School Bd. Dist. of Edn.*, 7th Dist. Columbiana No. 07 CO 45, 2008-Ohio-6922, at ¶ 45. The procedural fairness requirements of Civ.R. 56 "place significant responsibilities on all parties and judges to ensure that summary judgment should be granted only after all parties have had a fair opportunity to be heard." *Hooten* at ¶ 34. "A 'nonoral hearing' may include 'as little as the submission of memoranda and evidentiary materials for the court's consideration.'" *Id.* at ¶ 34, fn. 1, quoting *Brown v. Akron Beacon Journal Publishing Co.*, 81 Ohio App.3d 135, 139, 610 N.E.2d 507 (1991). Consequently, McCladdie's argument that his Fifth Amendment rights were violated is not well taken.

{¶ 27} McCladdie's Sixth Amendment claim also fails as it does not apply to civil matters. "The right to confront one's accusers is a fundamental right embodied in the Sixth Amendment to the U.S. Constitution and applies to state criminal trials under the Fourteenth Amendment Due Process Clause." *S.H. v. S.P. (In re J.H.)*, 10th Dist. Franklin No. 13AP-70, 2013-Ohio-3833, ¶ 23, citing *State v. Good*, 12th Dist. No. CA86-11-168, 1987 Ohio App. LEXIS 10255 (Dec. 28, 1987), citing *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). "Thus, the

Confrontation Clauses of the U.S. and Ohio Constitutions apply only to criminal matters." *Id.*, citing *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, ¶ 4.

**{¶ 28}** McCladdie also argues that Capital One failed to produce documents requested by McCladdie and laces throughout the brief that he is entitled to recovery on a counterclaim. McCladdie has failed to: separately argue the errors, cite to portions of the record where the alleged errors are reflected and to offer case law in support of his assertions pursuant to App.R. 16(A)(7) and (A)(3) respectively. "App.R. 12(A)(2) authorizes us to disregard any assignment of error that an appellant fails to separately argue." *Univ. Hts. v. Johanan*, 8th Dist. Cuyahoga No. 110887, 2022-Ohio-2578, ¶ 10.

**{¶ 29}** "[A]n appellate court may indulge a pro se litigant when there is 'some semblance of compliance with the appellate rules.'" *Allen-Story v. Story*, 8th Dist. Cuyahoga No. 107750, 2019-Ohio-3888, ¶ 18, quoting *Modesty v. Michael H. Peterson & Assoc.*, 8th Dist. Cuyahoga No. 85653, 2005-Ohio-6022, ¶ 4. However,

> The principles of [indulgence or] reasonable leeway for appellant's pro se brief do not extend to this court conjuring up questions never squarely asked or constructing full-blown claims from convoluted reasoning. *Kenwood Gardens Assn., LLC v. Shorter*, 6th Dist. Lucas No. L-10-1315, 2011-Ohio-4135, ¶ 8. Nor does reasonable leeway extend to crafting well-articulated claims from poorly drafted arguments. *HSBC Bank United States NA v. Beins*, 6th Dist. Lucas No. L-13-1067, 2014-Ohio-56, ¶ 6. Ultimately, a pro se litigant may not be given any greater rights than a party represented by counsel and bears the consequences of any litigation mistakes. *Id.* at ¶ 7.

*Walker v. Metro. Environmental Servs.*, 6th Dist. Lucas No. L-17-1131, 2018-Ohio-530, ¶ 4. In light of the foregoing, we reject McCladdie's assertion that he was somehow improperly denied discovery.

**{¶ 30}** The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

ANITA LASTER MAYS, PRESIDING JUDGE

LISA B. FORBES, J., and
EMANUELLA D. GROVES, J., CONCUR